## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERARD TRAVERS, on behalf of himself
and all others similarly situated,

                       Plaintiff,

-vs.-

FEDEX CORPORATION
3610 Hacks Cross Road
Memphis, Tennessee 38125,

                       Defendant.

**COMPLAINT – CLASS ACTION**

**JURY TRIAL DEMANDED**

**EXEMPT FROM FILING FEES
UNDER 38 U.S.C. § 4323(h)(1)**

Plaintiff Gerard Travers, on behalf of himself and other similarly situated individuals, by and through his attorneys, alleges as follows:

### INTRODUCTION

1.　　This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of current and former employees of FedEx Corporation, d/b/a/ FedEx Express, FedEx Corporate Services, Inc., FedEx Custom Critical, Inc., FedEx Freight Corporation, FedEx Freight, Inc., FedEx Forward Depots, Inc., FedEx Ground Package System, Inc., FedEx Logistics, Inc. f/k/a FedEx Trade Networks, Inc., and FedEx Trade Networks Transport & Brokerage, Inc. (collectively, "FedEx" or "Defendant"), who took short-term military leave from FedEx since 2004 and did not receive compensation and/or paid leave from FedEx during such short-term military leave.

2.　　USERRA protects the rights and benefits of military reservists who take leaves of absence from their civilian employers to perform qualified military service. In particular,

USERRA § 4316(b) requires military leave to be treated no less favorably than other, comparable forms of leave that an employer provides its employees. Accordingly, employees who take military leave must receive the same "rights and benefits" during such military leave as employees who take comparable leaves such as jury duty. 38 U.S.C. § 4316(b). Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves. *See* 38 U.S.C. § 4303(2).

3.      FedEx has violated USERRA § 4316(b) by paying FedEx employees who take leave for non-military reasons—such as (1) jury duty, for which employees receive the difference between their compensation from FedEx and the government compensation they receive during the period of leave, (2) sick leave, for which employees receive their full pay or salary, and (3) bereavement leave, for which employees receive their full pay or salary—but not providing any pay or salary to FedEx employees who take short-term military leave. As a result, FedEx has violated USERRA's requirement to provide the same "rights and benefits" to employees who take military leave and other comparable leaves of absence. 38 U.S.C. § 4316(b).

4.      Due to FedEx's violations, Plaintiff and other servicemembers employed by FedEx have received less compensation than they would have received had FedEx provided them with paid leave or pay during periods of their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave such as jury duty, sick leave, and/or bereavement leave.

5.      This putative class action seeks: (a) a declaration that FedEx violated USERRA by failing to provide Class Members with paid leave or pay during periods of their short-term military leave on an equivalent basis to other, comparable forms of leave; (b) an order requiring FedEx to provide paid leave or pay during periods of short-term military leave on an equivalent basis to

other, comparable forms of leave; and (c) an order requiring FedEx to recalculate and pay compensation to Plaintiff and other members of the Class consistent with the requirements of USERRA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which provides that the district courts of the United States have jurisdiction over a USERRA action brought against a private employer. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under a federal law.

7.      Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant FedEx is a private employer and maintains multiple places of business throughout this District, including substantial shipping operations at the Philadelphia International Airport and ground shipping operations in Philadelphia, West Chester, King of Prussia, and Reading, Pennsylvania. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

8.      Plaintiff Gerard Travers is and has been employed as a Courier by FedEx since approximately 1996. Mr. Travers is also a retired Petty Officer, First Class in the United States Navy and Naval Reserve. He served in the United States Navy and Naval Reserve from 1990 until his retirement from the military in 2010. Throughout the duration of his military service while employed by FedEx, Plaintiff has routinely taken leave to engage in qualified military service to perform his military obligations. These periods of leave include a total of four active-duty deployments between 2002 and 2008. In addition, when he was not deployed, he ordinarily took military leave from his employment with FedEx for periods of two weeks per year during his

3

service in the Naval Reserve.  These periods of short-term military leave took place between 1996 through 2010.  Plaintiff also routinely took shorter periods of leave (such as a single day of leave) from FedEx to perform his military service.  Plaintiff resides in Phoenixville, Pennsylvania.

9.      Defendant  FedEx  Corporation  is  the  world's  largest  express  transportation company, providing delivery to more than 220 countries and territories.  FedEx has more than 400,000 employees worldwide.  It is an employer within the meaning of 38 U.S.C. § 4303(4)(A) with its principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee 38125. FedEx Corporation has employed thousands of employees who took short-term military leave from its employment at FedEx since 2004.  Defendant FedEx Corporation, doing business as FedEx Express, FedEx Corporate Services, Inc., FedEx Custom Critical, Inc., FedEx Freight Corporation, FedEx Freight, Inc., FedEx Forward Depots, Inc., FedEx Ground Package System, Inc., FedEx Logistics, Inc. f/k/a FedEx Trade Networks, Inc., and FedEx Trade Networks Transport & Brokerage, Inc., is a Delaware corporation.  It provides package delivery services throughout the world. At all times during Plaintiff's employment with FedEx, FedEx paid Plaintiff's employment compensation and controlled his work opportunities, including the rights and benefits that he received during periods of short-term military leave.

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> Current  and  former  employees  of  FedEx  Corporation  (including  any  of  its subsidiaries) ("FedEx") who took short-term military leave (periods of 30 days or less) from their employment with FedEx at any time from October 10, 2004 through the date of judgment in this action and during that short-term military leave were not paid the compensation they would have earned had they continued to work their ordinary work schedules for FedEx.

11.     Excluded from the Class are all former or current employees who previously reached settlements with or judgments against FedEx in their individual USERRA actions concerning FedEx's failure to pay compensation to employees during periods of short-term military leave.

**Impracticality of Joinder**

12.     The members of the Class are so numerous that joinder of all members is impracticable.

13.     Since 2004, FedEx has employed at least several thousand employees who took short-term military leave from FedEx.  Accordingly, there are at least several thousand members of the proposed Class.

14.     The members of the Class are geographically dispersed across the country.  FedEx currently has 12 airport-based "hubs" and hundreds of ground shipping facilities scattered throughout the United States.

**Commonality**

15.     The central question in this case that will generate a common answer as to the Class is whether FedEx's policy or practice of failing to provide paid leave or pay to employees during periods of short-term military leave violates USERRA § 4316(b).

16.     Plaintiff's claims raise subsidiary common questions, including the following: (a) whether short-term military leave is comparable to other forms of leave for which FedEx fully or partially pays its employees; and (b) whether FedEx's violations of USERRA were willful, such that they should be required to pay liquidated damages to Plaintiff and the Class Members.

17.     Because FedEx adopted and applied a uniform policy or practice of not providing paid leave or pay to its employees during periods of short-term military leave on an equal basis as

employees who took other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

18.     As FedEx acted in a uniform, systematic manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions.  To the extent that FedEx's policies or practices are found to violate USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**Typicality**

19.     Plaintiff's claims are typical of the other members of the Class because the claims challenge a uniform policy or practice by which FedEx failed to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis as employees who took other, comparable forms of leave.

**Adequacy**

20.     Plaintiff will fairly and adequately protect the interests of other members of the Class.

21.     Plaintiff does not have any conflict with any other member of the Class.

22.     FedEx has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

23.     Plaintiff is represented by counsel with significant experience in prosecuting class action litigation, including class action litigation involving rights and benefits of servicemembers.

**Rule 23(b)(1)**

24.     This action can be maintained as a class action under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure.  The central question in this action is whether the uniform

practice by which FedEx failed to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other, comparable forms of leave for which paid leave or pay was provided, violated USERRA. As a result, prosecution of separate claims by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct.

25. This action can be maintained as a class action under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure. Resolution of whether FedEx was required under USERRA to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other, comparable forms of leave could be dispositive of that matter for other employees even if they were not parties to this litigation and would substantially impede their ability to protect their interests if they are not made parties to this litigation by being included in the Class.

**Rule 23(b)(2)**

26. This action can also be maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. Defendant FedEx has acted and/or failed to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the members of Class as a whole.

27. Defendant FedEx maintained a uniform policy or practice as to all members of the Class. Defendant FedEx is alleged to have violated USERRA by refusing to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other, comparable forms of leave. As such, Defendant FedEx has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is appropriate with respect to the Class as a whole.

28.     The relief sought consists primarily of (a) a declaration establishing that Defendant FedEx has violated USERRA by failing to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other, comparable forms of non-military leave; and (b) an order requiring Defendant FedEx to recalculate and pay, compensation, and/or paid leave to Class Members consistent with the requirements of USERRA.

29.     The monetary relief sought either flows from and/or is incidental to the declaratory relief sought, as it flows directly from the ordering of such declaratory relief and can be calculated in a simple, objective, and mechanical manner.   Specifically, the amount owed to the Class Members can be calculated by (a) comparing the compensation paid by Defendant FedEx to the Class Members to the amount of compensation actually received by the Class Members during periods of short-term military leave, and (b) paying each Class Members the difference between those amounts.

**Rule 23(b)(3)**

30.     The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the Classes predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

31.     The common questions of law and fact concern whether FedEx's policy or practice of failing to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to employees who took other, comparable forms of leave violated USERRA. As the members of the Class were all employees who took short-term military leave, their rights to paid leave or pay during such short-term military leave was uniformly affected by FedEx's

violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

32.    A class action is superior to other available methods for the fair and efficient resolution of this controversy.  By bringing these claims together in a single class proceeding, the issues will be efficiently resolved in a single proceeding rather than multiple proceedings.  Class certification is a superior method adjudicating these issues, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' obligations under USERRA and of the remedy that should be provided under USERRA.

33.    The factors set forth in Rule 23(b)(3) also support certification.  The members of the Class have an interest in a unitary adjudication of the issues presented in this action. Additionally, many members of the Class are unlikely to have a sufficient amount of individual damages to justify pursuing an individual federal court action or to obtain counsel to pursue an individual action.  But all members of the Class would benefit from a class action that obtains relief for all members of the Class.  To Plaintiff's knowledge, no other litigation concerning this controversy has been filed by any other members of the Class.  This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, Plaintiff has been employed in this District, took military leave from this District, and earned his rights and benefits under USERRA in this District, and a significant portion of the Class works and/or resides in this District.  There are no difficulties in managing this case as a class action.

## FACTUAL ALLEGATIONS

### FedEx's Policy and Practice Regarding Military Leave

34.    Since October 10, 2004, when a servicemember employee of FedEx has taken military leave that lasts 30 days or less ("short-term military leave"), FedEx has not provided paid

leave or pay to the employee during such short-term military leave. However, when an employee of FedEx has been required to be absent from his or her employment at FedEx for any one of a number of non-military reasons, including that the employee is ill or needs to address the death of a family member, FedEx has provided paid leave or the employee's full wages and/or salary during his or her leave of absence. When a FedEx employee has been absent from work because he or she is required to perform jury service, FedEx has paid the employee the difference between his or her compensation from FedEx and any stipend or compensation that employees receive for their jury duty service (*i.e.*, differential pay).

35. Thus, since at least October 10, 2004, FedEx has maintained a policy or practice of failing to pay employees paid leave or pay when they take short-term military leave, while providing employees who take comparable forms of non-military leave—such as jury duty, bereavement leave, or sick leave—with full pay or paid leave, or with differential pay or paid leave.

## USERRA Required FedEx to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Paid Leave or Pay

36. USERRA § 4316(b)(1) provides, in relevant part. that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

    (A) deemed to be on furlough or leave of absence while performing such service; and

    (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

37. Accordingly, if an employer provides non-seniority rights and benefits to similarly

situated employees who take comparable non-military leave, including paid leave and pay, USERRA § 4316(b)(1) requires the employer to provide those same "rights and benefits" to employees during their periods of military leave. *Id.*; *see also id.* § 4303(2); 20 C.F.R. § 1002.150(a).

38.     As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b).  In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id.*

**FedEx Fails to Pay Employees When They Take Short-Term Military Leave**

39.     Pursuant to FedEx's policy or practice of refusing to provide paid leave or pay to employees during periods of short-term military leave, FedEx failed to pay Plaintiff and the members of the Class paid leave or pay during each period in which they took short-term military leave since October 10, 2004.

40.     Upon information and belief, throughout the relevant time period, FedEx provided fully paid leave or full pay to employees while they were on leave from their employment with FedEx because of bereavement leave or sick leave, and provided differential pay to employees while they were on leave from their employment with FedEx because of jury duty.

41.     Jury duty, sick leave, and bereavement leave are all comparable to short-term military leave in terms of the duration of these forms of leave and the involuntary nature of the leave.

42.     For employees of FedEx, the duration of jury duty leave, sick leave, and bereavement leave is comparable to the duration of short-term military leave.  Each of these types

of leaves most commonly lasts several days, and usually not more than a couple of weeks.

43.     Jury duty leave, sick leave, and bereavement leave, like short-term military leave, are ordinarily involuntary.  Jury duty is required by federal, state, or local law.  Sick leave occurs due to a short-term, involuntary medical condition that prevents an employee from working. Bereavement leave occurs due to the death of a family member.  And short-term military leave occurs due to an employee's legal obligation to perform military service in the Armed Forces.

44.     In addition, the purpose of jury duty is the same as short-term military leave: to perform service for our government and to engage in public service for the benefit of our society.

45.     FedEx's policy or practice of refusing to provide paid leave or pay to employees when they take short-term military leave, while continuing to provide paid leave or pay to employees when they take other comparable forms of non-military leave, violates USERRA § 4316(b), because Defendant denies its employees the same non-seniority "rights and benefits" that it provides to similarly situated employees who are on furlough or leave of absence.  38 U.S.C. § 4316(b); *see also id.* § 4303(2).

46.     This policy has unlawfully denied FedEx's employees the paid leave or pay that they should have received when they engaged in short-term military leave compared to employees who received paid leave or pay when they engage in jury duty, bereavement leave, sick leave, or other, comparable forms of non-military leave.

**Plaintiff's USERRA-Protected Military Leave**

47.     Since his employment at FedEx began in 1996, Plaintiff regularly took periods of short-term military leave every year from 1996 to 2010 that qualified as service in the uniformed services under 38 U.S.C. § 4303(13) and for which he did not receive paid leave or pay from FedEx.

**COUNT I**
**VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**
**(On Behalf of the Class)**

48.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing

paragraphs as if fully set forth herein.

49.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a

position of employment by reason of service in the uniformed services shall be (a) deemed to be

on furlough or leave of absence while performing such service; and (b) entitled to such other rights

and benefits not determined by seniority as are generally provided by the employer of the person

to employees having similar seniority, status, and pay who are on furlough or leave of absence

under a contract, agreement, policy, practice, or plan in effect at the commencement of such service

or established while such person performs such service."

50.     Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined

in 38 U.S.C. § 4303(2), that must be provided equally to employees who take military leave and

employees who take other, comparable forms of non-military leave, pursuant to USERRA §

4316(b), 38 U.S.C. § 4316(b).

51.     The Department of Labor's regulation that implements and interprets USERRA §

4316(b)(1), provides that "[i]f the non-seniority benefits to which employees on furlough or leave

of absence are entitled vary according to the type of leave, the employee must be given the most

favorable treatment accorded to any comparable form of leave when he or she performs service in

the uniformed services." 20 C.F.R. § 1002.150(b).

52.     The types of leave for which FedEx has provided employees paid leave, pay, wages,

and/or salaries—including jury duty leave, bereavement leave, and sick leave—are comparable to

13

short-term military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

53.     By adopting and applying a policy or practice of not providing employees who take short-term military leave paid leave or pay, FedEx denied Plaintiff and the Class the same "rights and benefits," namely paid leave, pay, wages, and/or salaries, that FedEx provided to employees who take other, comparable forms of non-military leave, including jury duty leave, sick leave, and bereavement leave.  Thus, FedEx failed to provide employees on short-term military leave the most favorable treatment that FedEx afforded employees on other, comparable forms of non-military leave.  By doing so, FedEx violated and continues to violate USERRA § 4316(b)(1).

54.     Due to FedEx's failure to comply with USERRA § 4316(b)(1), Plaintiff and other members of the Class have received less paid leave, pay, and/or compensation than they would have received had Defendant complied with USERRA and the Department of Labor's regulations.

55.     Upon information and belief, Defendant's violation of USERRA § 4316(b)(1) was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant FedEx on all claims and respectfully requests that this Court award the following relief:

A.      Declare that Defendant's policy or practice by which it failed to provide employees with paid leave or pay when they took short-term military leave, while providing paid leave or pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under USERRA § 4316(b);

B.      Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

14

C.      Declare that Defendant must provide paid leave or pay to employees who take short-term military on the same basis as employees who take leave for jury duty, sick leave, bereavement leave, or other forms of comparable short-term, non-military leave;

D.      Require Defendant to recalculate and pay the paid leave, pay, wages, and/or salary that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

E.      Order Defendant to pay all members of the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

F.      Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

G.      Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

H.      Grant such other and further relief as the Court deems proper, just, and/or equitable.

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: December 24, 2019                    Respectfully submitted,

                                            _____
                                            Adam Harrison Garner (Bar I.D. 320476)
                                            THE GARNER FIRM LTD.
                                            1515 Market St. Suite 1200
                                            Philadelphia PA 19102
                                            Telephone: (215) 645-5955
                                            Facsimile: (215) 645-5960
                                            Email: adam@garnerltd.com

                                            R. Joseph Barton
                                            (To be admitted *pro hac vice*)
                                            BLOCK & LEVITON LLP
                                            1735 20th Street, NW
                                            Washington D.C. 20009
                                            Telephone: (202) 734-7046
                                            Fax:     (617) 507-6020
                                            jbarton@blockesq.com

                                            Peter Romer-Friedman
                                            (To be admitted *pro hac vice*)
                                            OUTTEN & GOLDEN LLP
                                            601 Massachusetts Avenue, NW
                                            Second Floor West
                                            Washington, DC 20001
                                            Telephone (202) 847-4400
                                            prf@outtengolden.com

                                            Matthew Z. Crotty
                                            (To be admitted *pro hac vice*)
                                            CROTTY & SON LAW FIRM, PLLC
                                            905 W. Riverside Ave.
                                            Suite 404
                                            Spokane, WA 99201
                                            Tel: (509) 850-7011
                                            matt@crottyandson.com

Thomas G. Jarrard
(To be admitted *pro hac vice*)
LAW OFFICE OF THOMAS G. JARRARD
LLC
1020 N. Washington St.
Spokane, WA  99201
Tel:  (425) 239-7290
Fax: (509) 326-2932
Tjarrard@att.net

*Attorneys for Plaintiffs*