IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERARD TRAVERS, on behalf of himself
and all others similarly situated,

                Plaintiff,

-vs.-

FEDEX CORPORATION,

                Defendant

Case No. 19-cv-6106-MAK

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR ADMISSION
*PRO HAC VICE* OF PETER ROMER-FRIEDMAN, ESQUIRE**

Plaintiff Gerard Travers, through his undersigned counsel, hereby submits the following Memorandum of Law in Support of Plaintiff's Unopposed Motion for Admission *pro hac vice* of Peter Romer-Friedman, Esquire. For the reasons set forth below, Plaintiff's Motion should be granted.

**PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint in the above-captioned civil action on December 24, 2019. (Docket # 1). Plaintiff requested that Defendant waive service of process on January 3, 2020, and Defendant did so on January 8, 2020. (Docket # 2). Counsel for Defendant entered her appearance in this matter on January 9, 2020 (Docket # 3). Defendant has not yet responded to the allegations in Plaintiff's Complaint and is not yet required to do so. (Docket # 24).

On January 9, 2020, Plaintiff filed several motions for admission *pro hac vice*, including that of Peter Romer-Friedman, Esquire, using the form motion and order of the United States

District Court for the Eastern District of Pennsylvania and paid the requisite filing fees for the motions (Docket ## 4-8). The Court denied those motions without prejudice later that day. (Docket # 9).

### I.      PLAINTIFF'S MOTION SHOULD BE GRANTED

Plaintiff's Motion should be granted as Mr. Romer-Friedman satisfies the criteria for admission *pro hac vice* in this matter.

#### A.    Governing Standard

"This Court has the discretion to grant or deny a *pro hac vice* motion. Although practice before the court is a privilege and not a right, that notion should not be literally applied." *Paul J. Muller Assocs., Inc. v. TransAmerica Occidental Life Ins. Co.*, Case No. CIV. A. 90-3128, 1992 WL 99183, at *2 (E.D. Pa. April 30, 1992) (citing *Johnson v. Trueblood*, 629 F.2d 302, 303 (3d Cir. 1980)). The requirements for admission to the bar of this Court *pro hac vice* are set forth in Local Rule 83.5.2, which states:

> (a) Except for attorneys appearing on behalf of the United States Government or a department or agency thereof pursuant to Rule 83.5(e), any attorney who is not a member of the bar of this court shall, in each proceeding in which that attorney desires to appear, have as associate counsel of record a member of the bar of this court upon whom all pleadings, motions, notices and other papers can be served conformably to the Federal Rules of Civil Procedure and rules of this court.
>
> (b) An attorney who is not a member of the bar of this Court shall not actively participate in the conduct of any trial or pre-trial or post-trial proceeding before this Court unless, upon motion of a member of the bar of this Court containing a verified application, leave to do so shall have been granted. A fee established by this court shall be assessed for all such applications. No admission shall be effective until such time as the fee has been paid, ***except that any counsel appearing in a case transferred pursuant to an Order of the Judicial Panel on Multidistrict Litigation need not pay such a fee***.

Local Rule 83.5.2 (emphasis in original).

Moreover, the Court has established Policies and Procedures ("the Procedures") regarding motions for admission *pro hac vice*. The Procedures provide that, in addition to the requirements set forth in Local Rule 83.5.2, a motion for admission *pro hac vice* shall contain a statement that the moving local counsel shall confirm his or her obligations under Section I. (K) of the Procedures, which provides:

> The admission of counsel *pro hac vice* does not relieve associate local counsel and the attorney moving the admission of responsibility for counsel admitted *pro hac vice*. The Court requires local counsel sign all filings. While local counsel shall be available by phone and prepared to substantively address fact and legal issues for every case, we also require local counsel to be present in Court (or on the telephone with leave of Court) for a presentation on a case designated on the Special Case Management track.

The moving party must further "(3) describe[e] the reasons the client requires this lawyer's special admission; and, (4) reciting the positions of all counsel regarding the motion." Procedures Section I. (J). Each attorney seeking admission *pro hac vice*, must submit an affidavit swearing to additional facts, and any "thoughtful opposition to a motion for *pro hac vice* must be filed within two (2) business days of the filing." *Id*.

### B. Plaintiff's Motion Complies with Local Rule 83.5.2 and the Procedures

Plaintiff Motion should be granted because it is unopposed, complies with Local Rule 83.5.2, and it complies with the Procedures. As an initial matter, undersigned counsel is a member in good standing of the Bar of this Court who is serving as co-counsel with Mr. Romer-Friedman in this matter. Undersigned counsel has previously entered his appearance in this matter, and gladly reconfirms his continuing obligations to this Court as a member of the Bar of this Court and the Pennsylvania Bar, as well as those obligations set forth in Section I. (K) of the Procedures and Local Rule 83.5.2. Second, as has been noted throughout, counsel for Defendant has confirmed that Defendant does not oppose Plaintiff's Motion. Third, Mr. Romer-Friedman has submitted a

sworn affidavit complying with Section I. (J) of the Procedures.  A copy of that affidavit is appended hereto as Exhibit A.

Moreover, there are multiple reasons Plaintiff requires Mr. Romer-Friedman's special admission in this matter.  The Plaintiff is a resident of Pennsylvania and resides in this District. *See* Complaint (Docket # 1) at ¶ 8).  Mr. Romer-Friedman and co-counsel, R. Joseph Barton, Esquire, have the primary relationship with Plaintiff.  They are the two of the attorneys who have met with him and whom he first retained as counsel.  The above-captioned matter raises issues of federal, and not state law. Thus, Mr. Romer-Friedman's knowledge of Pennsylvania law is seemingly immaterial to this matter, and to the extent an issue of Pennsylvania law was to arise, undersigned counsel is a member of the Pennsylvania Bar who could advise Mr. Romer-Friedman accordingly.

Additionally, Mr. Romer-Friedman and the other attorneys Plaintiff seeks to have admitted *pro hac vice* in this matter have significant nationwide experience litigating class actions arising under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4301, *et seq.*("USERRA"), the federal law upon which plaintiff's claims are premised. *See* Declaration of Peter Romer-Friedman.  Mr. Romer-Friedman and other co-counsel are also litigating a matter currently pending before United States District Court for the Eastern District of Pennsylvania that includes one claim similar to the claim asserted in this case.  *See Scanlan v. American Airlines Group, et al.*, Case No. 2:18-cv-04040-HB.  Mr. Romer-Friedman and the other attorneys who seek admission *pro hac vice* are among the few attorneys who have substantial experience representing plaintiffs in USERRA class actions.  As Defendant FedEx is a multibillion company with access to the attorneys of its choosing to represent it, Plaintiff should be entitled to a similar choice in this exclusively federal action.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his Unopposed Motion for Admission *pro hac vice* of Peter Romer-Friedman, Esquire be granted.

Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (Bar I.D. 320476)
The Garner Firm, Ltd.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Tel: (215) 645-5955
Fax: (215) 645-5960
adam@garnerltd.com

*Attorney for Plaintiff*