IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD TRAVERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Civil Action No. 2:19-cv-06106-MAK |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Federal Express Corporation ("FedEx") moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice Plaintiff's Amended Complaint. In support of this Motion, FedEx relies upon the accompanying Memorandum of Law, which it incorporates by reference, and supporting declaration and exhibits attached thereto.

Plaintiff Gerard Travers, a courier at FedEx, asserts that FedEx violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.*, because it did not pay his wages during short-term military leaves, which he defines as leaves of 30 days or less.

But courts, including the Third Circuit, and the Department of Labor—the entity tasked with implementing USERRA—have repeatedly recognized that USERRA does not require an employer to pay an employee for time away from work performing service. *See, e.g.*, *Duncan v. Tyco Fire Prods.*, No. 16-916, 2018 WL 3303305, at *4 (N.D. Ala. July 5, 2018); *Gordon v. Wawa, Inc.*, 388 F.3d 78, 82 (3d Cir. 2004); 70 Fed. Reg. 75246, 75249 (Dec. 19, 2005). Plaintiff attempts to circumvent this settled rule by arguing that USERRA requires paid leave

1

indirectly: Section 4316 of USERRA requires employers to provide employees on military leave with the same benefits they would receive if they were on a comparable non-military leave, and (Plaintiff contends) "pay" is a benefit within the meaning of USERRA Section 4303(2). Thus, because FedEx employees are paid during other, allegedly comparable "leaves," Plaintiff says FedEx should pay employees on military leave too. None of the traditional tools of statutory interpretation supports Plaintiff's theory.

First, Plaintiff's position would undermine Congress's paid-military leave scheme by creating an enormous exception to the general rule that USERRA does not require paid military leave. Many states and localities mandate paid absences, such as for jury duty, and under Plaintiff's theory, any employer with employees in one of these jurisdictions would now be required to provide paid military leave under USERRA. If Congress truly had intended to provide such an extensive benefit, it would have said so directly. Moreover, Congress expressly provided for paid military leave for federal employees, showing that if Congress wanted to provide such leave, it knew how to do so. But it did not. In fact, when Congress provided federal paid military leave, it capped the number of days at 15 per year. But because USERRA applies equally to federal employees, adopting Plaintiff's position would mean that the federal government would now be required under USERRA to provide as many days of paid military leave as an employee takes—undermining completely the 15-day cap.

Given these incongruous results, only a clear statement from Congress that it intended them could suffice to establish Plaintiff's reading—but no such statement exists. To the contrary, it is a generally accepted principle of employment law that a wage is not a benefit and a benefit is not a wage, as the definition of "benefits" in Section 4303(2) confirms. A benefit under USERRA "accrues by reason of an employment contract … or policy," but the fact of

2

getting paid does not. Receiving a wage is the defining characteristic of employment, not an additional benefit. Indeed, Plaintiff's entire argument is based on a category error: the "benefits" that FedEx employees receive are not their wages but (as relevant here) paid jury duty, paid sick leave, and paid bereavement leave—benefits that continue to accrue for employees on short-term military leave. What Plaintiff seeks is an entirely separate benefit—paid military leave—that no FedEx employee receives and that USERRA does not require.

Plaintiff's claim is also barred by laches. By his own admission, Plaintiff failed to bring suit until 15 years after he was first injured, which constitutes inexcusable delay. And that delay caused FedEx substantial prejudice. Among other things, if Plaintiff had brought this suit in a timely manner, FedEx could have changed its policies and avoided more than a decade of liability to thousands of would-be plaintiffs—exactly the sort of prejudice the doctrine of laches is designed to avoid.

Finally, given that Plaintiff retired from the military approximately ten years ago, he is not likely to suffer future injury and thus lacks standing to seek prospective relief.

WHEREFORE, FedEx respectfully request that the Court enter an Order in the form proposed granting Defendant's Motion to Dismiss.

| | |
|---|---|
| Dated: April 3, 2020 | */s/ Ryan T. Becker* |
| | Ryan T. Becker |
| | FOX ROTHSCHILD LLP |
| Mark W. Robertson (*admitted pro hac vice*) | 2000 Market Street, 20th Fl. |
| O'MELVENY & MYERS LLP | Philadelphia, PA 19103-3222 |
| 7 Times Square | Telephone: (215) 299-2033 |
| New York, NY 10036 | Facsimile: (215) 299-2150 |
| Telephone: (212) 326-2000 | rbecker@foxrothschild.com |
| Facsimile: (212) 326-2061 | |
| mrobertson@omm.com | Colleen Hitch Wilson (*admitted pro hac vice*) |
| | FEDERAL EXPRESS CORPORATION |
| M. Tristan Morales (*admitted pro hac vice*) | 3620 Hacks Cross Road |
| O'MELVENY & MYERS LLP | Memphis, TN 38125 |
| 1625 Eye St NW | Telephone: (901) 434-8338 |

Washington, DC 20006  
Telephone: (202) 383-5300  
Facsimile: (202) 383-5414  
tmorales@omm.com

chitchwilson@fedex.com

*Attorneys for Defendant Federal Express Corporation*