IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERARD TRAVERS, on behalf of himself and all others similarly situated, | : : : | CIVIL ACTION |
| *Plaintiff,* | : : | NO. 2:19-cv-06106-MAK |
| v. | : : : | |
| FEDERAL EXPRESS CORPORATION, | : : : : | |
| *Defendant.* | : | |

**REPORT OF RULE 26(f) MEETING**

Under Federal Rule of Civil Procedure 26(f), this Court's October 4, 2021 Order and this Court's Policies, counsel for the parties conferred on October 12, 2021, and submit the following report of their meeting for the Court's consideration at the initial pretrial conference on October 18, 2021:

**1.    Discussion of specific claims, defenses and relevant issues**

<u>Plaintiff's Description of His Claim</u>

Plaintiff's Complaint alleges a single claim: that Federal Express Corporation ("FedEx") is required under 38 U.S.C. 4316(b)(1) to provide its employees who take short-term military leave with the same rights and benefits it provides employees who take other, comparable forms of leave. At FedEx, the Complaint alleges that comparable forms of paid leave include jury duty leave, sick leave, and bereavement leave. The Complaint alleges that when Mr. Travers and other members of the class have taken short-term military leave, which the Complaint alleges are leaves of less than 30 days in duration, FedEx has not provided paid leave as FedEx provides for other, comparable forms of leave. The Complaint seeks relief on behalf of a putative class of

1

FedEx employees who took military leave of fewer than 30 days in duration from October 10, 2004, to the present.

Plaintiff's Description of Key Discovery Needs

The key issues from Plaintiff's perspective – and the key discovery needs – relate to FedEx's leave policies and practices as well data regarding the Class and data about other comparable leaves (including leaves utilized by non-Class members). Plaintiff will seek through discovery the policies governing and practices concerning the various forms of leave taken by FedEx employees. Plaintiff will also seek information regarding the duration, purpose, and ability of employees to choose when to take these forms of allegedly comparable leave, factors that courts look to in determining whether a given form of leave is comparable to military leave, 20 C.F.R. § 1002.150(b), as well as other factors that FedEx may contend are relevant (although not listed in the DOL Regulation). Plaintiff will seek data regarding the duration, pay and military leave periods of the Class and similar information about other comparable leaves sufficient to allow expert analysis to determine the amounts of paid leave. Plaintiff will also need discovery relevant to issues regarding class certification. Depending on Defendant's affirmative defenses, Plaintiff may need discovery on Defendant's affirmative defenses.

Defendant's Description of Its Defenses and Key Discovery Needs

*Laches*.  If it is not resolved based on the pleadings and FedEx's currently-pending motion to dismiss on the basis of laches, FedEx expects to take discovery regarding Plaintiff's delay in bringing his claims and the accompanying prejudice to FedEx resulting from his delay.

*Standing*.  FedEx's employment records for Plaintiff do not show any military leaves of 30 days or less during the putative class period that he has proposed.  FedEx plans to take early discovery on that issue, to determine whether there are any records indicating he took any

alleged "short-term military leaves." FedEx will also seek discovery on Plaintiff's basis for defining "short-term military leave" as absences of 30 calendar days or less. For couriers like Plaintiff, FedEx defines short-term military leaves as absences of 14 consecutive calendar days or less.

If a class were certified, FedEx would seek to obtain (with the stipulation of Plaintiff if agreeable) military service records of all class members, including military pay records (because Plaintiff seeks so-called differential pay based on FedEx's jury duty policy), which FedEx expects would require a subpoena to the Department of Defense.

*Comparability*. Military leave is not comparable to any of the alleged non-military absences (jury duty, bereavement, and sick leave). Under Section 4316(b) of USERRA, the factors relevant to comparability, which will each be a focus of discovery, include: the typical amount of leave taken (frequency and duration), an employee's control over timing of the leave, and the purpose of the leave.

*Class certification*. In order to respond to Plaintiff's anticipated motion for class certification, FedEx anticipates taking discovery regarding the differences in employment as between couriers like Plaintiff and other employee groups at FedEx, including with respect to work schedules, job responsibilities, compensation, and other factors relevant to the analysis regarding the comparability of leaves under Section 4316(b).

**2.    Stipulated facts and insurance coverage and deductibles**

Stipulated Facts:

1. Federal Express Corporation ("FedEx") is an express transportation company.
2. FedEx is a subsidiary of FedEx Corporation, which is incorporated in Delaware.
3. FedEx's headquarters are located in Memphis, Tennessee.

4. Plaintiff began work for FedEx in January 1996 as a courier and he has remained in that position to the present date.

5. Plaintiff filed his amended complaint in this matter on March 19, 2020.

Insurance:  FedEx has no insurance coverage that it believes would cover Plaintiff's claim in the Complaint.

**3.   Informal disclosures**

Consistent with the Court's order, the parties exchanged Rule 26(a) disclosures on October 12, 2021.[1]

**4.   Additional disclosures [in patent non-ANDA cases only].**

N/A

**5.   Formal discovery**

Plaintiff's Discovery

Plaintiff served his First Set of Requests for Production of Documents and First Set of Interrogatories on April 6, 2020, pursuant to the Court's order of March 5, 2020, permitting Plaintiff to issue written discovery related to the Court's personal jurisdiction over Defendant and the propriety of venue. Plaintiff also took the depositions of Alex Antonian and Crystal Oliver on April 30, 2020.

Consistent with this Court's policies and procedures, Plaintiff will serve his Second Set of Requests for Production of Documents before the hearing set for October 18, 2021, focusing

---

[1] The Court's order required the parties to exchange the required initial disclosures under Federal Rule of Civil Procedure 26(a) and to produce copies of the identified documents on or before October 11, 2011. October 11, 2011, was a legal holiday—Columbus Day. 5 U.S.C. § 6103; Fed. R. Civ. P. 6(a)(6)(A). This deadline therefore advanced to October 12, 2011. Fed. R. Civ. P. 6(a)(1)(C).

4

on the issues most clearly relevant and proportional to the needs of the case: FedEx's leave policies and data regarding the putative class.

Defendant's Discovery

Defendant intends to serve its first written discovery requests on or before October 22, 2021.

Joint Statement Regarding Discovery

The parties agree that this is a complex case that warrants more than 90 days for discovery, including based on the experience of counsel for Plaintiff and Defendant, who have litigated (and are currently litigating) analogous cases involving different clients. This is a putative class action potentially involving a class comprising tens of thousands of employees involving records related to potentially hundreds of thousands of absences over a proposed 17-year class period.  In addition, the scope of any certified class will be an important factor that will substantially affect discovery in this case and drive both damages-related discovery and expert analysis. The parties will need discovery on issues relevant to class certification and will need sufficient time from the entry of a class certification order (if any) to conduct further discovery based on the class certified (if any) by the Court and to conduct damages analysis as to the certified class prior to the expert disclosure deadline.

The parties jointly propose that Plaintiff's deadline to file a motion for class certification be set for 90 days from the date on which Defendant files its Answer to the Amended Complaint and that the Court set the close of fact discovery for 120 days after entry of an order on class certification.  Defendant proposes that, if this Court denies FedEx's motion to dismiss on laches, FedEx will answer the Complaint within seven business days of this Court's decision.

The parties also jointly propose that any dispositive motions be due within 30 days after the close of all discovery, and that trial be scheduled for 60 days after a decision on dispositive motions.

**6.     Electronic discovery**

The parties discussed procedures to preserve electronically stored information. Plaintiff has minimal relevant electronically stored information but has taken steps to review his sources of electronically stored information to determine whether anything needs to be preserved. Counsel for the Defendant provided a high-level description of the human resources information systems containing potentially relevant information regarding the members of the putative class. Defendant has taken steps to preserve electronically stored information including employee pay and leave data for members of the putative class.

The parties also discussed procedures to avoid inadvertent privilege waivers. The parties agreed that the default procedures under Federal Rule of Civil Procedure 26(b)(5)(B) are sufficient in this case.

The parties also discussed the form in which electronic information will be produced and the cost of doing so. Counsel for the parties have conducted discovery regarding similar issues in other analogous cases, and have agreed to a cost-efficient and industry-standard mode of production paralleling the approach they have adopted in those other cases: email, PDFs, and similar materials are to produced as .tif or .pdf files accompanied by load files setting forth reasonably available metadata as requested by the parties; database reports, spreadsheets, and similar materials are to be produced as Microsoft Excel or .csv files to facilitate their use in this litigation by opposing counsel. The parties expect that each party shall bear their own ESI costs.

Plaintiff's counsel is drafting an ESI Discovery Agreement memorializing these agreements and addressing other issues.

7.  **Expert witness disclosures**

Both Plaintiff and Defendant anticipate relying upon the testimony of expert witnesses in this case. Plaintiff anticipates that it will be necessary to depose Defendant's expert witnesses. Defendant believes it may be necessary to depose Plaintiff's expert, but intends to evaluate and make that decision upon receiving his or her report. Neither party objects to the Court's requirements that expert reports be exchanged simultaneously, expert witness rebuttal reports be completed shortly thereafter (the parties propose the default of 30 days as provided by the Federal Rules), and that expert discovery be completed with fact discovery. The parties propose that the deadline for expert disclosures be set for 60 days prior to the close of discovery and that the deadline for rebuttal reports be set for 30 days before the close of discovery.

8.  **Settlement or resolution**

No party has made any settlement offer to date. The parties discussed the use of alternate dispute resolution procedures in this case. Plaintiff will be prepared to engage in settlement discussions once Plaintiff's counsel receive data from Defendant regarding the putative Class that would allow Plaintiff to formulate a preliminary damages analysis that could provide a basis for negotiation. Defendant believes settlement discussions would be appropriate at the earliest after a decision is issued on class certification.

9.  **Trial**

<u>Plaintiff's Counsel</u>

Plaintiff and Plaintiff's counsel have the following trial date conflicts through 2022:

- Plaintiff's co-lead counsel R. Joseph Barton has conflicts as follows:

- - o   Trial in *Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-cv-01126-DB-SHK (C.D. Cal.), 10/31/2022 – 11/14/2022; final pretrial conference 10/14/22[2]

    o   Trial in *Anderson v. Intel Corp. Investment Policy Committee*, No. 19-cv-4618-LHK (N.D. Cal.), 1/30/2023 – 2/8/2023; final pretrial conference 1/12/23

    o   Invited to Speak on USERRA issues AAJ Annual Convention, 7/25-26/2022

- Plaintiff's co-lead counsel Michael J. Scimone has conflicts as follows:

    o   Trial in *Huntsman v. Southwest Airlines Co.*, No. 4:19-cv-83-PJH (N.D. Cal.), 7/25/22 – 8/5/22

- Plaintiff's local counsel Adam Garner has conflicts as follows:

    o   Trial in *Campbell v. Royal Bank Supplemental Executive Retirement Plan*, No. 2:19-cv-00798-JHS (E.D. Pa.), 10/26/21 – 10/28/21

    o   Trial in *Bansept v. G&M Automotive*, No. 2:18-cv-04679-RBS (E.D. Pa.), 11/8/21 – 11/10/21

- Matthew Crotty has conflicts as follows:

    o   Trial in *Winter v. North Sky Comm's. Arbitration* (AAA Case No. 01-20-0015-7248) 1/24/2022 – 1/27/2022.

    o   Trial in *Dunn v. Northwest Recreational Liquidators* (Spokane Co. Sup. Ct. Case No. 21-2-00019-3-2) 3/7/2022 – 3/11/2022

    o   Trial in *Kuykendall v. Les Schwab* (EDWA Case No. 2:20-cv-154-SMJ) 3/14/2022 – 3/18/2022

    o   Trial in *Ingram v. Bates Technical College* (WDWA Case No. C20-5859-JCC) 4/4/2022 – 4/8/2022

    o   Trial in *Inland Anesthesia v. Schillar, et. al.* (Bonner Co. Idaho Dist. Ct. Case No. CV09-20-1303) 4/25/2022 -4/29/2022

    o   Trial in *Adderley v. Spokane County* (Spokane Co. Sup. Ct. Case No. 17-2-00822-7) 5/23/2022 – 5/27/2022

---

[2] Opposing counsel in this case has filed an application to continue this trial date to December 12, 2022, or, alternatively, March of 2023.

- - o   Trial in *Patrick Fleetwood v. Washington State University* (EDWA 2:20-cv-355-SAB) 6/6/2022 – 6/10/2022

    o   Trial in *Jeremy Linz v. Core Values* (EDWA 2:20-cv-107-SMJ) 8/8/2022 – 8/11/2022

    o   Trial in *Alora Boyd v. Acro, Inc.* (Grant Co. Sup. Ct. Case No. 2-21-00205-13) 8/22/2022 – 8/25/2022

  - Plaintiff's counsel Thomas Jarrard has conflicts as follows:

    o   Trial in *Turner v. EMC, Inc.*, No. 20-cv-01756-BJR (W.D. Wash.), 2/1/22 – 2/11/22

    o   Trial in *Bearden v. City of Ocean Shores*, No. 3:21-cv-05035 (W.D. Wash.), 3/1/22 – 3/7/22

Defendant's Counsel

- Defendant's counsel Mark W. Robertson and Tristan Morales have conflicts as follows:

  o   Trial in *Synoracki v. Alaska Airlines, Inc.*, 2:18-cv-01784-RSL (W.D. Wash.), 3/7/2022 – 3/14/2022

  o   Pre-planned vacation for Mr. Robertson, 3/25/2022 – 4/3/2022

  o   Trial in *Fields v. American Airlines, Inc.*, 2:19-cv-00903-KSM (E.D. Pa.), 9/22/2022 – 9/29/2022

- Defendant's counsel Colleen H. Wilson has conflicts as follows:

  o   Mandatory FedEx Worldwide Legal and Security Meeting, 10/3/2022 – 10/7/2022

## 10.   Referral to Magistrate Judge

The parties do not agree to a referral of this case to U.S. Magistrate Judge Heffley for trial.

## 11.   Other matters

The Parties have not identified other issues that should be addressed in this conference.

9

Dated: October 14, 2021                                            Respectfully submitted,

| | |
|---|---|
| /s/ Adam H. Garner<br>Adam Harrison Garner (Bar ID 320476)<br>THE GARNER FIRM LTD.<br>1617 John F. Kennedy Blvd., Suite 550<br>Philadelphia, PA 19103<br>Tel: (215) 645-5955<br>Email: adam@garnerltd.com<br><br>R. Joseph Barton<br>Colin M. Downes<br>BLOCK & LEVITON LLP<br>1735 20th Street NW<br>Washington, DC 20009<br>Tel: (202) 734-7046<br>Email: jbarton@blockleviton.com<br>Email: colin@blockleviton.com<br><br>Peter Romer-Friedman<br>GUPTA WESSLER PLLC<br>1900 L Street NW, Suite 312<br>Washington, DC 20036<br>Tel: (202) 888-1741<br>Email: peter@guptawessler.com<br><br>Matthew Z. Crotty<br>CROTTY & SON LAW FIRM, PLLC<br>905 W. Riverside Ave., Suite 404<br>Spokane, WA 99201<br>Tel: (509) 850-7011<br>Email: matt@crottyandson.com<br><br>Thomas G. Jarrard<br>LAW OFFICE OF THOMAS G. JARRARD LLC<br>1020 N. Washington Street<br>Spokane, WA 99201<br>Tel: (425) 239-7290<br>Email: tjarrard@att.net | /s/ Ryan Becker (w/permission by AHG)<br>Ryan Thomas Becker<br>FOX ROTHSCHILD LLP<br>2000 Market Street, 20th Fl.<br>Philadelphia, PA 19103<br>Tel: (215) 299-2033<br>Email: rbecker@foxrothschild.com<br><br>Mark W. Robertson<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-4329<br>Fax: (212) 326-2061<br>Email: mrobertson@omm.com<br><br>M. Tristan Morales<br>O'MELVENY & MYERS LLP<br>1625 Eye Street NW<br>Washington, DC 20016<br>Tel: (202) 383-5112<br>Email: tmorales@omm.com<br><br>Jason Zarrow<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, California 90071<br>Telephone: 213-430-8369<br>Facsimile: 213-430-6407<br>Email: jzarrow@omm.com<br><br>Colleen Hitch Wilson<br>Melissa McCoy Gormly<br>FEDEX EXPRESS CORPORATION<br>3620 Hacks Cross Road<br>Memphis, TN 38125<br>Tel: (901) 434-8338<br>Email: chitchwilson@fedex.com<br>Email: melissa.gormly@fedex.com<br><br>*Attorneys for Defendant* |

Michael J. Scimone
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 245-1000
Email: mscimone@outtengolden.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14[h] day of October 2021, a copy of the foregoing was served on all counsel of record via the Court's CM/EF system.

/s/ Adam H. Garner
Adam Harrison Garner
