IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARD TRAVERS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 19-6106** |
| | : | |
| **FEDEX CORPORATION** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          **October 19, 2021**

      Former military reservist Gerard Travers alleges his employer Federal Express Corporation violated the Uniformed Services Employment and Reemployment Rights Act by failing to pay him for short-term military leave from 2004 until 2010 while paying other leave benefits to non-military employees.  Mr. Travers served as a Petty Officer, First Class in the United States Navy and Naval Reserve from 1990 until his retirement in 2010.  He sued FedEx in December 2019, arguing FedEx denied him benefits for short-term military leave required under the Act beginning in 2004.  He seeks declaratory judgment FedEx violated the Act willfully.  He also seeks backpay and liquidated damages under the Act.

      FedEx moves to dismiss Mr. Travers's claim arguing laches bars his claim.[1]  Mr. Travers claims Congress eliminated laches as a defense in 2008 amendments to the Act and, even if laches survives, we cannot bar claims without discovery based on his allegations.  We disagree as to Congress barring laches as a defense but agree we cannot today apply laches based on Mr. Travers's allegations.  The parties may continue discovery and challenge Mr. Travers's ability to proceed with adduced facts.

I.      Analysis

FedEx argues laches bars Mr. Travers's claim.  It argues: (1) Mr. Travers inexcusably delayed by waiting fifteen years to sue following FedEx's creation of a policy denying him benefits;[2] and (2) prejudice is "obvious" because Mr. Travers's delay permitted him to seek to certify a class comprising thousands of FedEx employees who took short-term military leave since 2004 seeking back pay and liquidated damages, and the delay will "defy any fair notion of judicial administration" because FedEx may have destroyed critical records and witnesses' memories have faded during the delay.[3]

Mr. Travers responds: (1) laches does not apply to Act claims;[4] (2) even if it does, we cannot decide whether it applies now because laches requires a "highly fact-based" inquiry;[5] (3) FedEx fails to meet its burden of showing inexcusable delay because Mr. Travers did not know FedEx had violated his rights until 2019;[6] and (4) FedEx fails to meet its burden to show prejudice because it merely speculates regarding prejudice.[7]

FedEx replies Congress does not prevent laches defenses to Act claims, as no court has found the Act bars laches.[8]  It also argues we may decide laches now because Mr. Travers inexcusably delayed causing prejudice as a matter of law.[9]

We agree with FedEx Congress permits laches defenses to claims under the Act.  We agree with Mr. Travers we cannot determine whether his claim is barred by laches at this stage without fact development.  We deny FedEx's Motion to dismiss without prejudice.

Laches is an affirmative defense.[10] It requires two elements: "(1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay."[11]  "[L]aches is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation."[12]  Laches

2

"originally served as a guide when no statute of limitations controlled the claim."[13] It is "discrete from[] the statute of limitations,"[14] which "creates 'a time limit for suing in a civil case, based on the date when the claim accrued.'"[15]

### A.     FedEx may assert a laches defense to Mr. Travers's claim.

We first must determine whether FedEx may assert a laches defense to an Act claim. Congress included a provision in the Act titled "Inapplicability of statutes of limitations" in which it provides, "there shall be no limit on the period for filing the complaint or claim" for claims under the Act.[16] Congress added this provision in 2008 as part of Act amendments through the Veterans' Benefits Improvement Act of 2008.[17] Mr. Travers argues this language bars laches defenses to Act claims. We disagree with Mr. Travers because the Act's text, context, history, and extra-textual material confirm Congress did not eliminate laches defenses to Act claims.

We must interpret the Act's "words consistent with their 'ordinary meaning . . . at the time Congress enacted the statute.'"[18] We "begin and end our inquiry with the text," mindful to read the statute's words "in their context and with a view to their place in the overall statutory scheme."[19] If "the text is clear," we need not consider "extra-textual evidence" like "legislative history, purpose, and post-enactment practice."[20] But if the text is "ambiguous," we may consider "legislative history to find meaning."[21] "A provision is ambiguous, 'when, despite a studied examination of the statutory context, the natural reading of a provision remains elusive.'"[22]

Congress did not bar laches defenses to Act claims through the Act's 2008 amendment in subsection 4327(b). The text does not preclude laches defenses. The context shows subsection 4327(b) applies only to defenses based on statutes of limitations. Congress repeatedly included provisions regarding statutes of limitations, but never laches, showing it did not intend to upset the common law. And the legislative history confirms Congress's intent.

1. **The Act's text does not bar laches.**

We begin with the Act's text. The relevant provision, subsection 4327(b), reads:

**(b) Inapplicability of statutes of limitations.--**If any person seeks to file a complaint or claim with the Secretary, the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, ***there shall be no limit on the period for filing the complaint or claim***.[23]

Mr. Travers argues laches limits a party's time to sue, so permitting a laches defense offends the text reading "no limit" shall apply.[24] This argument has some appeal. Laches operates like a "limit" on a plaintiff's time to file a complaint or claim by barring her claims if she inexcusably delays and prejudices the defendant. While laches does not impose a concrete limit on a plaintiff's time to sue, it still effectively limits the plaintiff's time to sue. Congress "arguably divest[ed] the courts of discretion to apply the doctrine of laches to [Act] claims" through subsection 4327(b).[25]

But laches does not literally impose a "limit on the period" for filing a complaint. "Laches is based not on simply the passage of time, as is a statute of limitations, but rather upon changes of conditions or relationships."[26] Laches demands we consider the "equities of the parties."[27] Statutes of limitations, conversely, literally impose "a time limit for suing in a civil case."[28] Because laches does not literally "limit" a party's time to file a complaint or claim, Congress's mandate "there shall be no limit on the period for filing the complaint or claim" does not bar laches.

2. **The Act's context suggests Congress did not intend to bar laches.**

We turn to the provision's context, which supports a reading Congress does not bar laches defenses. Subsection 4327(b) begins with the heading: "Inapplicability of ***statutes of limitations***."[29] Section 4327's heading contains the same words.[30] "[T]he title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute."[31] A heading "usually signals" the provision "concern[s]" the heading's content.[32] The

4

relevant section and subsection's headings signal Congress's intent to address statutes of limitations, not laches.  Congress can write statutes to include known defenses like laches and did not do so.

### 3. The Act's textual history shows Congress has never barred laches.

The Act's textual history confirms Congress did not bar laches defenses in the 2008 amendment.  The Act's predecessor statute, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, provided "no state statute of limitations shall apply to any proceedings under this chapter."[33]  The previous Act so provided because courts had historically applied "the most nearly analogous state statute of limitations" if a federal statute did not include time limitations.[34]  Congress included the bar on statutes of limitations in the 1974 legislation to "overrule[]" this practice.[35]  Congress included the same language in the original 1994 Act.[36]

But the Act did not address **federal** statutes of limitations.  Judges "split on what, if any, statute of limitations applied to [Act] cases."[37]  Several judges applied "the general federal four-year statute of limitations."[38]  Congress then passed the 2008 amendment, which removed the provision noting no "State statute of limitations" shall apply and replaced it with the current subsection 4327(b).[39]

Despite repeatedly addressing statutes of limitations, Congress never addressed laches in the Act.  This absence of action strongly suggests Congress did not intend the Act to derogate the common law principle laches is an equitable defense.  "The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific."[40]  "[L]aches is a defense developed by courts of equity" which we have applied since "before . . . the merger of law and equity in 1938."[41]  Congress never mentioned laches in the Act, let alone expressed a "specific" intent to abrogate laches.  Given

5

laches's longstanding role as a judge-created equitable defense, we cannot imagine Congress would have silently derogated it. Indeed, "the purpose for which the defense [of laches] developed in the equity courts" is to "gap-fill[]" when Congress "has provided no fixed time limitation."[42] Judges applied laches to Act claims before the 2008 amendment.[43] They continue to apply laches to Act claims after the 2008 amendment.[44] The Merit Systems Protection Board correctly reasoned, "Congress . . . intended that the equitable doctrine of laches be applied to [Act] claims."[45] We find the Act's textual history confirms the Act does not bar laches.

### 4. Extra-textual sources show Congress did not intend to bar laches.

Even if we did not find the "text is clear," "extra-textual evidence" like legislative history confirms Congress did not intend the Act to bar a laches defense.[46] The legislative history of the Act shows Congress "recognize[d] the applicability of the equitable doctrine of laches."[47] Congress passed the 2008 amendment in response to the Department of Labor's request Congress amend the Act to make clear no federal statute of limitations applied to the Act.[48] The Department had "long taken the position . . . the equitable doctrine of laches" constitutes "the only time-related defense that may be asserted" in defending Act claims.[49] Congress's intent is clear: employers may assert a laches defense to Act claims.

### B. We cannot determine whether laches bars Mr. Travers's claim without discovery.

FedEx argues laches bars Mr. Travers's claims because his delay in suing "was extreme" and it will prejudice FedEx. Mr. Travers responds he did not delay and did not cause FedEx prejudice, but even if he did, we cannot decide this issue on the pleadings. We agree with Mr. Travers. We require factual development in discovery to decide whether laches applies.[50]

### 1. We cannot determine whether Mr. Travers delayed inexcusably without factual development.

The first element of laches requires Mr. Travers inexcusably delayed suing. "[W]hether a delay is 'inexcusable[]' is a matter of law."[51] But to determine whether delay was inexcusable, we must consider "the equities of the case."[52] "Length of delay and other matters of historical circumstance are questions of fact."[53] Laches "usually requires the kind of record only created by full trial on the merits because the correct disposition of the equitable defense of laches can only be made by a close scrutiny of the particular facts and a balancing of the respective interests and equities of the parties, as well as of the general public."[54]

We cannot presently decide whether Mr. Travers inexcusably delayed based solely on a reading of his allegations. Laches is a "highly fact-based" inquiry, but we lack facts regarding whether Mr. Travers inexcusably delayed.[55] FedEx argues Mr. Travers inexcusably delayed by waiting fifteen years following his first short-term military leave in 2004 to sue. FedEx cites judges finding inexcusable delays, but these decisions mostly arose at the summary judgment stage or later, allowing judges to consider evidence.[56] FedEx argues Mr. Travers "alleges no facts to plausibly explain" his fifteen-year delay in suing.[57] But laches is an affirmative defense, which defaults the burden of proof to FedEx.[58] Finding laches applies today would shift the burden to disprove laches to Mr. Travers by requiring him to plead facts defeating an affirmative defense. We decline to make such a substantial procedural ruling today.

FedEx urges us a fifteen-year delay is inexcusable as a matter of law, which we can decide simply by reviewing the allegations. We disagree. Judges grant motions to dismiss for laches only "where it is clear that the plaintiff can prove no set of facts to avoid" laches.[59] It is not clear Mr. Travers cannot prove facts avoiding laches. FedEx "may ultimately prevail on a laches defense," but we "cannot make such a fact-bound determination at this time based merely on the

age of the alleged conduct."[60]  "Because we conclude that the record [is] not sufficiently developed with respect to the possible justifications for [Mr. Travers's] delay," we must defer this issue until the parties develop a proper record.[61]

### 2. We cannot determine whether FedEx suffered prejudice without discovery.

The second element of laches requires FedEx to prove it suffered prejudice from the delay. The same analysis regarding inexcusable delay applies here: We cannot presently determine whether FedEx suffered prejudice without facts. FedEx argues it suffered prejudice because FedEx could have remedied Mr. Travers's complaints sooner had he sued earlier, documents "may" have been destroyed, and witnesses' memories fade. But this prejudice is presently speculative. FedEx also argues the allegations show FedEx suffered economic prejudice. But the case FedEx cites for economic prejudice arose at the summary judgment stage.[62] FedEx's potential economic prejudice is speculative.

Even if we could find prejudice now, we cannot determine its extent without a developed record. "[A] finding of laches bars a plaintiff's ability to recover for past wrongs, but not a plaintiff's ability to obtain relief for continuing violations."[63] We cannot presently determine the extent to which laches prejudices FedEx. For example, FedEx might no longer possess records from before 2007. This hypothetical would mean laches might only bar certain of Mr. Travers's claims. But we cannot speculate. We need facts. We deny FedEx's Motion to dismiss without prejudice to its discovery of facts regarding laches.

**II.    Conclusion**

A reservist asserts claims under the Uniformed Services Employment and Reemployment Rights Act, alleging Federal Express Corporation failed to pay him for short-term military leave. We find Congress did not bar laches defenses to claims under the Act through a 2008 amendment.

We find we cannot decide whether laches applies without factual development. We deny FedEx's Motion without prejudice.

We cannot presently determine inexcusable delay and prejudice without facts. Mr. Travers's fifteen-year delay appears unduly lengthy. FedEx's arguments regarding prejudice are speculative, but it may discover evidence proving these arguments. We should resolve the laches defense "early in litigation, so [it] may be ruled upon, prejudice may be avoided, and judicial resources may be conserved."[64] Because Mr. Travers seeks to certify a class, we may "prescribe measures to prevent undue repetition or complication in presenting evidence or argument."[65] We direct Mr. Travers and FedEx to conduct discovery regarding FedEx's laches defense simultaneously with class discovery in the accompanying scheduling Order with the hope we may promptly resolve the laches defense.

---

[1] We previously dismissed Mr. Travers's claim, finding the Act excluded military leave as a benefit. *See* ECF Doc. No. 52 at 2. Mr. Travers appealed. ECF Doc. No. 54. Our Court of Appeals vacated our Order, finding employers must provide compensation under the Act when they pay other employees for comparable forms of leave. *Travers v. Fed. Express Corp.*, 8 F.4th 198, 199 (3d Cir. 2021). Our Court of Appeals remanded. ECF Doc. No. 57. We then asked counsel to address the remaining laches argument.

[2] ECF Doc. No. 30-2 at 24–25.

[3] *Id.* at 26–27.

[4] ECF Doc. No. 36 at 24.

[5] *Id.* at 25.

[6] *Id.* at 25–26.

[7] *Id.* at 26–27.

[8] ECF Doc. No. 40 at 13.

[9] *Id.* at 13–14.

[10] Fed. R. Civ. P. 8(c)(1).

[11] *Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3d Cir. 2005).

[12] *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014).

[13] *Id.* at 681.

[14] *Id.* at 680; *see also* Fed. R. Civ. P. 8(c)(1) (listing laches and statute of limitations as separate affirmative defenses).

[15] *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014) (quoting BLACK'S LAW DICTIONARY 1546 (9th ed. 2009)).

[16] 38 U.S.C. § 4327(b).

[17] Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, Title III, § 311(f), 122 Stat. 4145, 4163–64 (2008).

[18] *Travers*, 8 F.4th at 200 (quoting *Wis. Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2070 (2018)).

[19] *Id.* (first quoting *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017), then quoting *Parker Drilling Mgmt. Servs. v. Newton*, 139 S. Ct. 1881, 1888 (2019)).

[20] *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 941–42 (2017).

[21] *In re Friedman's Inc.*, 738 F.3d 547, 554 (3d Cir. 2013).

[22] *Id.* (quoting *In re Price*, 370 F.3d 362, 369 (3d Cir. 2004)).

[23] 38 U.S.C. § 4327(b) (first emphasis in original, second emphasis added).

[24] ECF Doc. No. 36 at 24 (quoting *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002)).

[25] *Timeliness of Claims*, The USERRA Manual § 8:6 at n.54.

[26] *Miller v. City of Indianapolis*, 281 F.3d 648, 653 (7th Cir. 2002).

[27] *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946, 949 (3d Cir. 1971).

[28] *CTS Corp.*, 573 U.S. at 7. Equitable doctrines, like tolling, may operate to "lengthen[]" a statute of limitations, but such doctrines do not change the fact statutes of limitations themselves impose set time limits for plaintiffs to sue. *See Petrella*, 572 U.S. at 681–82 ("Tolling, which lengthens the time for commencing a civil action in appropriate circumstances, applies when there is a statute of limitations; it is, in effect, a rule of interpretation tied to that limit. . . . Laches, in contrast,

originally served as a guide when no statute of limitations controlled the claim." (internal citations and footnote omitted)).

[29] 38 U.S.C. § 4327(b) (emphasis added).

[30] *See* 38 U.S.C. § 4327 (titled "Noncompliance of Federal officials with deadlines; ***inapplicability of statutes of limitations***" (emphasis added)).

[31] *United States v. Cooper*, 396 F.3d 308, 313 (3d Cir. 2005) (quoting *Almendarez–Torres v. United States*, 523 U.S. 224, 234 (1998)), *as amended* (Feb. 15, 2005).

[32] *Id.*

[33] Vietnam Era Veterans' Readjustment Assistance Act of 1974, Pub. L. No. 93-508, Title IV, § 404(a), 88 Stat. 1578, 1596 (1974)); *see also Stevens v. Tenn. Valley Auth.*, 712 F.2d 1047, 1054–55 (6th Cir. 1983) (explaining legislative history); *Timeliness of Claims*, The USERRA Manual § 8:6, at nn.3–4 (explaining the Vietnam Era Veterans' Readjustment Assistance Act of 1974 constituted the 1994 Act's predecessor legislation).

[34] *Stevens*, 712 F.2d at 1054.

[35] *Id.*

[36] 38 U.S.C. § 4323(c)(6) (1994) ("No State statute of limitations shall apply to any proceeding under this chapter."), *amended by* Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, Title II, § 211(a), 122 Stat. 3315, 3330 (1998) (moving former subsection 4323(c)(6) to subsection 4323(i)), *amended by* Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, Title III, § 311(f), 122 Stat. 4145, 4163–64 (2008) (adding current language "no limit" shall apply to Act claims and striking former subsection 4323(i)).

[37] *Hogan v. United Parcel Serv.*, 648 F. Supp. 2d 1128, 1136 (W.D. Mo. 2009).

[38] *Id.* at 1137; *see* 28 U.S.C. § 1658(a) (providing a four-year statute of limitations to claims arising under federal statutes "[e]xcept as otherwise provided by law").

[39] Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, Title III, § 311(f), 122 Stat. 4145, 4163–64 (2008).

[40] *Midlantic Nat. Bank v. N.J. Dep't of Env't Prot.*, 474 U.S. 494, 501 (1986); *United States v. Island*, 916 F.3d 249, 255 (3d Cir. 2019) (compiling cases applying the principle), *cert. denied*, 140 S. Ct. 405 (2019).

[41] *Petrella*, 572 U.S. at 678.

[42] *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 961 (2017) (quoting *Petrella*, 134 S. Ct. at 1973–75).

---

[43] *See Timeliness of Claims*, The USERRA Manual § 8:6 at n.45 ("Prior to enactment of the 2008 amendments to USERRA, the equitable doctrine of laches was considered to be a time-based affirmative defense that could be raised in cases under the Act."); *see also, e.g.*, *Miller*, 281 F.3d at 653.

[44] *See, e.g.*, *Sleevi v. Merit Sys. Prot. Bd.*, No. 2021-1447, 2021 WL 2879045, at *1–2 (Fed. Cir. July 9, 2021) (affirming Merit Systems Protection Board's finding laches barred Act claims); *Clarkson v. Alaska Airlines, Inc.*, No. 19-5, 2020 WL 5899398, at *4 (E.D. Wash. Oct. 5, 2020) (rejecting analogy between Act claims and student loan collections statute); *Corbin v. Sw. Airlines, Inc.*, No. 17-2813, 2018 WL 4901155, at *10–11 (S.D. Tex. Oct. 9, 2018) (noting courts have applied laches to "belated post-2008 [Act] claims" and analyzing laches defense); *Mock v. City of Rome*, 851 F. Supp. 2d 428, 436 (N.D.N.Y. 2012) (noting "no statute of limitations" applies to Act claims, but still proceeding to analyze laches defense); *Seiler v. Hollidaysburg Am. Legion Ambulance Serv., Inc.*, No. 10-41, 2011 WL 4017965, at *8 (W.D. Pa. Sept. 8, 2011) (following 2008 Act amendments, "laches is the only mechanism by which Defendant can challenge Plaintiff's delay in pursuing his [Act] claims").

[45] *Garcia v. Dep't of State*, No. 3443-05-0216-I-1, 101 M.S.P.R. 172, 178 (M.S.P.B. Feb. 27, 2006).

[46] *SW Gen., Inc.*, 137 S. Ct. at 942.

[47] S. Rep. No. 103-158, 70 (Oct. 18, 1993).

[48] *Timeliness of Claims*, The USERRA Manual § 8:6 at n.15 ("[T]he Department asked Congress to consider amending the [Act] to clarify that no statute of limitations applied to the Act.").

[49] 70 Fed. Reg. 75246-01, 75287 (Dec. 19, 2005).

[50] It is unclear whether Mr. Travers or FedEx bears the burden to prove laches. Where "[n]o statute of limitations applies," the party asserting laches bears the burden "to establish both elements of the defense." *E.E.O.C. v. Great Atl. & Pac. Tea Co.*, 735 F.2d 69, 81 (3d Cir. 1984). But our Court of Appeals shifts the burden to ***dis***prove laches to plaintiffs if they sue under a federal statute without a statute of limitations and the analogous state statute of limitations has expired. *See, e.g.*, *Gruca v. U.S. Steel Corp.*, 495 F.2d 1252, 1258–59 (3d Cir. 1974). It is unclear whether this framework should apply here because Congress has explicitly provided no statute of limitations—neither state nor federal—applies to Act claims. 38 U.S.C. § 4327(b); *see also Stevens*, 712 F.2d at 1056 ("[W]here Congress has so clearly eschewed any reliance on state statutes of limitations," we should not analogize to them); *Gall v. U.S. Steel Corp.*, 598 F. Supp. 769, 773 (W.D. Pa. 1984) (suggesting Congress's rule "that no statute of limitations, federal or state, shall apply" "denounc[ed]" the rule in *Gruca*). We note judges regularly place the burden to prove laches upon defendants under the Act. *See, e.g.*, *Sleevi*, 2021 WL 2879045, at *1; *Corbin*, 2018 WL 4901155, at *11; *Mock*, 851 F. Supp. 2d at 436; *Seiler*, 2011 WL 4017965, at *8. And Judge Lindsay rejected analogies to other federal statutes even before 2008, reasoning, "Congress not only declined to impose a limitations period for [Act] discrimination claims but specifically disclaimed the applicability of state statutes of limitations." *McLain v. City of Somerville*, 424 F. Supp. 2d 329, 337 (D. Mass. 2006).

We need not decide this issue today because regardless of which party bears the burden to prove laches, we lack the necessary factual record to determine laches' applicability. *See Merisant Co. v. McNeil Nutritionals, LLC*, 515 F. Supp. 2d 509, 516 (E.D. Pa. 2007). We expect the parties will properly address this issue following factual development.

[51] *Stewart v. Wackenhut Corr. Corp.*, No. 01-731, 2009 WL 874012, at *3 (E.D. Pa. Mar. 26, 2009).

[52] *Id.* (citing *Burke*, 441 F.2d at 949).

[53] *Great Atl. & Pac. Tea Co.*, 735 F.2d at 81.

[54] *Merisant Co.*, 515 F. Supp. 2d at 516 (internal quotations omitted) (quoting *Country Floors, Inc. v. Gepner*, 930 F.2d 1056, 1066 (3d Cir. 1991)).

[55] *Nat'l Ass'n of Chain Drug Stores v. Express Scripts, Inc.*, No. 12-395, 2012 WL 3655459, at *7 (W.D. Pa. Aug. 27, 2012).

[56] *See Maher v. City of Chicago*, 547 F.3d 817, 821 (7th Cir. 2008); *Miller*, 281 F.3d at 653; *Gruca*, 495 F.2d at 1259; *Carmalt v. Gen. Motors Acceptance Corp.*, 302 F.2d 589, 591 (3d Cir. 1962). FedEx cites only one case in the same procedural posture, but it does not persuade us. The court there interpreted the Act's predecessor statute and found New York's statute of limitations provided persuasive authority the plaintiff "slept on" his rights by not suing with the statutory period. *Leonick v. Jones & Laughlin Steel Corp.*, 258 F.2d 48, 49–50 (2d Cir. 1958). But the court placed the burden on the plaintiff to disprove laches; as we discussed above, it is unclear which party bears the burden here considering the Act's 2008 amendments. *Id.* at 50 ("Since plaintiff has wholly failed to present any justification for his failure to assert his alleged rights for a period of at least ten years, the district court properly held that his suit was barred by laches.").

[57] ECF Doc. No. 30-2 at 25.

[58] *Degussa Constr. Chem. Operations, Inc. v. Berwind Corp.*, 280 F. Supp. 2d 393, 411 (E.D. Pa. 2003).

[59] *Kaufhold v. Caiafa*, 872 F. Supp. 2d 374, 380 (D.N.J. 2012).

[60] *Helms v. Vill. of Clarendon Hills, Ill.*, No. 18-8434, 2019 WL 2409596, at *3 (N.D. Ill. June 7, 2019).

[61] *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 208 (3d Cir. 1999).

[62] *See Minn. Mining & Mfg. Co. v. Beautone Specialties, Co.*, 82 F. Supp. 2d 997, 1005 (D. Minn. 2000). FedEx cites Judge Rufe's finding laches barred plaintiff's claims at the Rule 12(b)(6) stage. *See Warner v. Sun Ship, LLC*, No. 11-7830, 2012 WL 1521866, at *3 (E.D. Pa. Apr. 30, 2012), *aff'd*, 507 F. App'x 107 (3d Cir. 2012). But this decision is not persuasive in our analysis. Judge Rufe did not find economic prejudice. *Id.* (noting plaintiff would forego certain damages).

---

She instead found discovery issues would arise from a thirty-seven-year delay in filing suit. *Id.* at *4.

[63] *Minn. Mining & Mfg. Co.*, 82 F. Supp. 2d at 1005; *see also Avocent Redmond Corp. v. United States*, 93 Fed. Cl. 399, 402 (2010) (laches is a "partial defense").

[64] *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002).

[65] Fed. R. Civ. P. 23(d)(1)(A).