**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERARD TRAVERS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 19-6106 |
| | : | |
| **FEDEX CORPORATION** | : | |

# ORDER

**AND NOW,** this 19th day of October 2021, following our October 4, 2021 Order (ECF Doc. No. 58) and today's Initial Pretrial Conference, it is **ORDERED** the parties are attached for a fifteen-day jury trial beginning **October 31, 2022** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov.

2. The parties declined a F.R.E. 502(d) Order without prejudice.

3. All motions to further amend the pleadings and to join or add additional parties shall be filed by **March 1, 2022.**

4. All fact and expert discovery shall be served, noticed and completed by **September 2, 2022.**[1] Discovery shall proceed in two phases: (1) to prepare motions and responses for class certification and for summary judgment on Plaintiff's claim to be completed no later than **January 19, 2022**; and then, if we certify a class, (2) to prepare for trial of the claims of the defined Class

---

[1] Discovery began in early 2020 but stopped after our July 20, 2020 Order dismissing the claim but restarted under our October 4, 2021 Order. We remind counsel their initial discovery efforts must focus on facts necessary to move for class certification or summary judgment related to Plaintiff's claim. The parties may agree to extend any *discovery* deadline *without extending any other deadlines* in this Order without seeking leave.

with discovery to be completed no later than **September 2, 2022**.  Nothing in this Order precludes issuing written discovery addressing Phase 2 before certification but the responding party need not respond to Phase 2 discovery until twenty days after our certification Order.

5. Defendant shall employ all necessary efforts to produce responsive policies and data (including on a rolling production basis if warranted) consistent with this Order as necessary by **November 8, 2021.**

6. Counsel shall meet and confer in good faith to arrange for the deposition dates of the Plaintiff and identified defense witnesses so as to allow Plaintiff to file a joint Notice no later than **December 1, 2021** confirming the dates and places for the noticed depositions necessary for Phase 1 to be completed no later than January 19, 2022.

7. No later than **March 18, 2022**, all parties seeking relief of any sort shall serve a detailed written demand, attaching all key documents in support of their demand, only upon all parties claimed to be responsible for any claim of relief.  All responding parties shall provide a detailed written response on or before **April 1, 2022**.

8. **This matter is referred to Magistrate Judge Heffley for all settlement purposes.**  Plaintiff's Counsel will immediately contact Magistrate Judge Heffley to schedule an initial settlement conference to occur on or before **April 15, 2022**. Counsel will timely advise Magistrate Judge Heffley if there is <u>no chance</u> of settlement before the conference.

9. Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory on Phase 1 issues no later than **December 13, 2021** and on Phase 2 issues by **July 29, 2022.**  If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall

serve such rebuttal evidence on counsel for every other party for Phase 1 no later than **January 14, 2022** and for Phase 2 no later than **August 24, 2022.** Expert depositions, if any, shall be concluded no later than **September 2, 2022.**

10. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

11. Motions for summary judgment on the named Plaintiff's claims or for class certification in Phase 1 shall be filed no later than **January 24, 2022**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **February 7, 2022**.

   (a) Upon filing for class certification, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix. Parties shall provide Chambers with one (1) paper

courtesy copy of all class certification submissions by overnight mail or hand delivery within one (1) business day of filing.

   (b) Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

    i. A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law.  Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

    ii. Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial.  The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

    iii. Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements.  Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

    iv. Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

    v. Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion.  On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix.  All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page.

The appendix shall include a table of contents.  The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible.  Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition.  Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents.  This Court will not consider party documents not included in the appendix.

      vi.  Parties shall provide Chambers with one (1) paper courtesy copy of all summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

      vii.  Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial.  Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

  12.  If the case is certified, all motions for decertification or for summary judgment on the class claims and *Daubert* motions, if any, shall be filed no later than **September 9, 2022**.  Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **September 23, 2022**.

  13.  If the case is not certified after Phase 1 but proceeds beyond summary judgment on Plaintiff's claims, we will set a scheduling conference to address pre-trial steps necessary to try a five-day jury trial beginning **May 16, 2022** in Courtroom 6B.

  14.  If the case is certified as a class action after Phase 1:

a) No later than **October 10, 2022**, counsel for each party shall exchange a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

b) No later than **October 11, 2022**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

c) No later than **October 12, 2022**, each party shall file a pretrial memorandum compliant with this Court's Policies.

d) All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the contested exhibits and highlighted designations to Chambers) shall be filed on or before **October 13, 2022**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **October 20, 2022**.

e) A final pretrial conference will be held telephonically on **October 25, 2022** at **8:45 A.M.**: (Dial-in Number: 888-278-0296; Access Code: 5723096#).

15. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

16. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

17. Counsel is attached for a fifteen-day trial on the certified class claims beginning on **October 31, 2022** at **9:00 A.M.** in Courtroom 6B.[2]

                                                                                                                               _____
                                                                          **KEARNEY, J.**

---

[2] We are attaching counsel for these trial dates mindful many of the claims appear to seek equitable relief possibly allowing us to complete trial in less than the allotted time. But we may also have claims of differing types of employees after resolving the anticipated motion for class certification and addressing trial manageability issues which may require more trial time.