**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERARD TRAVERS, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 2:19-cv-06106-MAK |
| -vs.- | **DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO AMENDED COMPLAINT** |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

Defendant, Federal Express Corporation ("FedEx Express"), respectfully submits its answer and affirmative defenses to the Amended Complaint of Plaintiff Gerard Travers ("Plaintiff").

## GENERAL DENIALS

Except as expressly admitted below, FedEx Express denies, generally and specifically, each and every allegation set forth in Plaintiff's Amended Complaint and each purported cause of action contained therein. FedEx Express denies, generally and specifically, that Plaintiff has been damaged in the sums alleged or in any sum at all as a result of the alleged acts, omissions or other conduct of FedEx Express, and/or its agents, employees or independent contractors, and FedEx Express denies that Plaintiff is entitled to any of the relief sought against FedEx Express in the Amended Complaint.  FedEx Express further denies that it is in any way liable to Plaintiff or that it acted or failed to act so as to be the legal cause of any damage to Plaintiff.

The headings and subheadings in the Amended Complaint are not properly pleaded facts and no response is necessary. To the extent Plaintiff's headings or subheadings purport to state facts to which a response is required, FedEx Express denies each and every such allegation.

FedEx Express reserves the right to seek to amend and/or supplement this Answer as may

be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

In addition to and incorporating the above general denials, FedEx Express further answers the numbered paragraphs in the Amended Complaint as follows:

1. This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*., on behalf of current and former employees of Federal Express Corporation d/b/a/ FedEx Express ("FedEx") who took short-term military leave from FedEx since 2004 and did not receive compensation and/or paid leave from FedEx during such short-term military leave.

**ANSWER**:  Paragraph 1 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 1 of the Amended Complaint, except to admit that Paragraph 1 purports to describe Plaintiff's Amended Complaint.

2. USERRA protects the rights and benefits of military reservists who take leaves of absence from their civilian employers to perform qualified military service. In particular, USERRA § 4316(b) requires military leave to be treated no less favorably than other, comparable forms of leave that an employer provides its employees. Accordingly, employees who take military leave must receive the same "rights and benefits" during such military leave as employees who take comparable leaves, such as jury duty. 38 U.S.C. § 4316(b). Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves. *See* 38 U.S.C. § 4303(2).

**ANSWER**:  FedEx Express denies the allegations in Paragraph 2 of the Amended Complaint, except admit that Paragraph 2 cites to a portion of USERRA and avers that USERRA

speaks for itself.

3.       FedEx has violated USERRA § 4316(b) by paying FedEx employees who take leave for non-military reasons-such as (1) jury duty, for which employees receive the difference between their compensation from FedEx and the government compensation they receive during the period of leave, (2) sick leave, for which employees receive their full pay or salary, and (3) bereavement leave, for which employees receive their full pay or salary-but not providing any pay or compensation to FedEx employees who take short-term military leave. As a result, FedEx has violated USERRA's requirement to provide the same "rights and benefits" to employees who take military leave and other comparable leaves of absence. 38 U.S.C. § 4316(b).

**ANSWER**:   FedEx Express denies the allegations in Paragraph 3 of the Amended Complaint.

4.       Due to FedEx's violations, Plaintiff and other servicemembers employed by FedEx have received less compensation than they would have received had FedEx provided them with paid leave or pay during periods of their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave such as jury duty, sick leave, and/or bereavement leave.

**ANSWER**:   FedEx Express denies the allegations in Paragraph 4 of the Amended Complaint.

5.        This putative class action seeks: (a) a declaration that FedEx violated USERRA by failing to provide Class Members with paid leave or pay during periods of their short-term military leave on an equivalent basis to other, comparable forms of leave; (b) an order requiring FedEx to provide paid leave or pay during periods of short-term military leave on an equivalent

basis to other, comparable forms of leave; and (c) an order requiring FedEx to recalculate and pay compensation to Plaintiff and other members of the Class consistent with the requirements of USERRA.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 5 of the Amended Complaint, except to admit that Paragraph 5 purports to describe the nature of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which provides that the district courts of the United States have jurisdiction over a USERRA action brought against a private employer. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under a federal law.

**ANSWER**:  Paragraph 6 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, FedEx Express denies the allegations in Paragraph 6 of the Amended Complaint, except admits that the Court has jurisdiction over the federal question presented by Plaintiff's claim under USERRA unless the litigation of Plaintiff's claim reveals that the claim raises questions of interpretation or application of a collective bargaining agreement, at which time the Railway Labor Act, 45 U.S.C. §§ 151, *et seq*., may require dismissal of Plaintiff's claim for lack of jurisdiction.  FedEx Express denies any remaining allegations.

7.      Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant FedEx is a private employer that maintains multiple places of business throughout this District, including substantial shipping operations at the Philadelphia International Airport and ground shipping operations in Philadelphia, West Chester, King of Prussia, and Reading,

Pennsylvania. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

**ANSWER**: Paragraph 7 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, FedEx Express admits only that it conducts business within this District but denies the remaining allegations in Paragraph 7.

## PARTIES

8.       Plaintiff Gerard Travers is and has been employed as a Courier by FedEx since approximately 1996. Mr. Travers is also a retired Petty Officer, First Class in the United States Navy and Naval Reserve. He served in the United States Navy and Naval Reserve from 1990 until his retirement from the military in 2010. Throughout the duration of his military service while employed by FedEx, Plaintiff has routinely taken leave to engage in qualified military service to perform his military obligations. These periods of leave include a total of four active-duty deployments between 2002 and 2008. In addition, when he was not deployed, he ordinarily took military leave from his employment with FedEx for periods of two weeks per year during his service in the Naval Reserve. These periods of short-term military leave took place between 1996 through 2010. Plaintiff also routinely took shorter periods of leave (such as a single day of leave) from FedEx to perform his military service. Plaintiff resides in Phoenixville, Pennsylvania.

**ANSWER**: FedEx Express admits that Plaintiff has been employed by FedEx Express as a courier since approximately 1996. FedEx Express admits that Plaintiff took periods of military leave while employed at FedEx Express and that such leave periods occurred between 2002 and 2008, but denies that Plaintiff took any military leaves of 30 days or less while employed by FedEx Express from October 10, 2004 to the present. FedEx Express is without knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 8 of the Amended Complaint.

9.      Defendant Federal Express Corporation d/b/a FedEx Express is the world's largest express transportation company, providing delivery to more than 220 countries and territories and employing approximately 239,000 employees. Defendant Federal Express Corporation is an employer within the meaning of 38 U.S.C. § 4303(4)(A) and a Delaware corporation. It provides package delivery services throughout the world. At all times during Plaintiffs employment with FedEx, FedEx paid Plaintiff's employment compensation and controlled his work opportunities, including the rights and benefits that he received during periods of short-term military leave.

**ANSWER**:  FedEx Express admits only that it is the world's largest cargo airline and express transportation company and services more than 220 countries and territories, that it employs hundreds of thousands of employees, and that Plaintiff has been, and is, a paid employee. The remainder of Paragraph 9 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, FedEx Express denies the remaining allegations in Paragraph 9 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rulesof Civil Procedure on behalf of the following Class:

> Current and former employees of Federal Express Corporation ("FedEx") who took short-term military leave (periods of 30 days or less) from their employment with FedEx at any time from October 10, 2004 through the date of judgment in this action and during that short-term military leave were not paid the compensation they would have earned had they continued to work their ordinary

work schedules for FedEx.

**ANSWER**:  Paragraph 10 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 10 of the Amended Complaint, except to admit that Paragraph 10 purports to describe Plaintiff's Amended Complaint.

11.     Excluded from the Class are all former or current employees who previously reached settlements with or judgments against FedEx in their individual USERRA actions concerning FedEx's failure to pay compensation to employees during periods of short-term military leave.

**ANSWER**:  Paragraph 11 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 11 of the Amended Complaint, except to admit that Paragraph 11 purports to describe Plaintiff's Amended Complaint.

**Impracticality of Joinder**

12.     The members of the Class are so numerous that joinder of all members is impracticable. Since 2004, FedEx has employed at least several thousand employees who took short-term military leave from FedEx. Accordingly, there are at least several thousand members of the proposed Class. Based on FedEx's website, FedEx specifically recruits veterans for employment. If only 1% of FedEx's approximately 239,000 employee workforce are members of the Class, the Class would consist of more than 2,000 persons. The members of the Class are geographically dispersed across the country. FedEx currently has 12 airport-based "hubs" and hundreds of ground shipping facilities scattered throughout the United

States.

**ANSWER**:  FedEx Express admits that since 2004 it has employed employees who took military leave of 30 days or fewer, that FedEx recruits military veterans for employment, and that FedEx does business throughout the United States.   FedEx Express denies the remaining allegations in Paragraph 12 of the Amended Complaint.

**Commonality**

13.     The central question  in this case that will generate a common  answer as to the Class is whether FedEx's policy or practice of failing to provide paid leave or pay to employees during periods of short-term military leave violates USERRA § 4316(b).

**ANSWER**:  FedEx Express denies the allegations in Paragraph 13 of the Amended Complaint.

14.     Plaintiffs' claims raise subsidiary common questions, including the following: (a) whether short-term military leave is comparable to other forms of leave for which FedEx fully or partially pays its employees; and (b) whether FedEx's violations of USERRA were willful such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Because FedEx adopted and applied  a uniform policy or practice of not providing paid leave or pay to its employees during periods of short-term military leave on an equal basis as employees who took other comparable forms of leave, answer to these questions will produce common answers for all members of the Class.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 15 of the Amended

Complaint.

16.      As FedEx acted in a uniform, systematic manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions. To the extent that FedEx's policies or practices are found to violate USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 16 of the Amended Complaint.

**Typicality**

17.      Plaintiff's claims are typical of the other members of the Class because the claims challenge a uniform policy or practice by which FedEx failed to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis as employees who took other, comparable forms of leave.

**ANSWER**: FedEx Express denies the allegations in Paragraph 17 of the Amended Complaint.

**Adequacy**

18.      Plaintiff will fairly and adequately protect the interests of other members of the Class.

**ANSWER**:  Paragraph 18 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that Paragraph 18 contains factual allegations, FedEx Express denies the allegations in Paragraph 18 of the Amended Complaint.

19.      Plaintiff does not have any conflict with any other member of the Class.

**ANSWER**:  Paragraph 19 of the Amended Complaint states a legal conclusion to which

9

no response is required.  To the extent that Paragraph 19 contains factual allegations, FedEx Express denies the allegations in Paragraph 19 of the Amended Complaint.

20.      FedEx has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

**ANSWER**:  Paragraph 20 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent that Paragraph 20 contains factual allegations, FedEx Express denies the allegations in Paragraph 20 of the Amended Complaint.

21.      Plaintiff is represented by counsel with significant experience in prosecuting class action litigation, including class action litigation involving rights and benefits of servicemembers.

**ANSWER**:  Paragraph 21 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 21 for lack of knowledge or information.

**Rule 23(b)(1)**

22.      This action can be maintained as a class action under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure. The central question in this action is whether the uniform practice by which FedEx failed to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other, comparable forms of leave for which paid leave or pay was provided, violated USERRA. As a result, prosecution of separate claims by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct.

**ANSWER**: FedEx Express denies the allegations in Paragraph 22 of the Amended

Complaint.

23.     This action can be maintained as a class action under Rule 23(b)(l)(B) of the Federal Rules of Civil Procedure. Resolution of whether FedEx was required under USERRA to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other, comparable forms of leave could be dispositive of that matter for other employees even if they were not parties to this litigation and would substantially impede their ability to protect their interests if they are not made parties to this litigation by being included in the Class.

**ANSWER**: FedEx Express denies the allegations in Paragraph 23 of the Amended Complaint.

## Rule 23(b)(2)

24.     This action can also be maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. Defendant FedEx has acted and/or failed to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the members of Class as a whole.

**ANSWER**: FedEx Express denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Defendant FedEx maintained a uniform policy or practice as to all members of the Class. Defendant FedEx is alleged to have violated USERRA by refusing to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other, comparable forms of leave. As such, Defendant FedEx has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is

appropriate with respect to the Class as a whole.

**ANSWER**: FedEx Express denies the allegations in Paragraph 25 of the Amended Complaint.

26.     The relief sought consists primarily of (a) a declaration establishing that Defendant FedEx has violated USERRA by failing to provide paid leave or pay to its employees during periods of short-term military leave on an equivalent basis to other comparable forms of non-military leave; and (b) an order requiring Defendant FedEx to recalculate and pay, compensation, and/or paid leave to Class Members consistent with the requirements of USERRA.

**ANSWER**: FedEx Express denies the allegations in Paragraph 26 of the Amended Complaint.

27.     The monetary relief sought either flows from and/or is incidental to the declaratory relief sought, as it flows directly from the ordering of such declaratory relief and can be calculated in a simple, objective, and mechanical manner. Specifically, the amount owed to the Class Members can be calculated by (a) comparing the compensation paid by Defendant FedEx to the Class Members to the amount of compensation actually received by the Class Members during periods of short-term military leave, and (b) paying each Class Members the difference between those amounts.

**ANSWER**: FedEx Express denies the allegations in Paragraph 27 of the Amended Complaint.

**Rule 23(b)(3)**

28.     The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of

the Classes predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

**ANSWER**: FedEx Express denies the allegations in Paragraph 28 of the Amended Complaint.

29.    The common  questions of law and fact concern  whether  FedEx's policy or practice of failing to provide paid leave or pay to its employees  during periods of short-term military  leave on an equivalent  basis to employees who took other, comparable forms of leave violated USERRA. As the members  of the Class were  all employees  who took short-term military  leave,  their  rights to paid leave or pay during such short-term military leave was uniformly affected by FedEx's violations, and common questions related to liability will necessarily predominate  over  any individual questions related to liability.

**ANSWER**: FedEx Express denies the allegations in Paragraph 29 of the Amended Complaint.

30.    A class action is superior to other available methods for the fair and efficient resolution of this controversy. By bringing these claims together in a single class proceeding, the issues will be efficiently resolved in a single proceeding rather than multiple proceedings. Class certification is a superior  method adjudicating these issues, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments  about  Defendant's obligations under USERRA and of the remedy that should be provided under USERRA.

**ANSWER**: FedEx Express denies the allegations in Paragraph 30 of the Amended Complaint.

31.    The factors set forth in Rule 23(b)(3) also support certification. The members of the Class have an interest in a unitary adjudication of the issues presented in this action.

Additionally, many members of the Class are unlikely to have a sufficient amount of individual damages to justify pursuing an individual federal court action or to obtain counsel to pursue an individual action. But all members of the Class would benefit from a class action that obtains relief for all members of the Class. To Plaintiffs knowledge, no other litigation concerning this controversy has been filed by any other members of the Class. This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, Plaintiff has been employed in this District, took military leave from this District, and earned his rights and benefits under USERRA in this District, and a significant portion of the Class works and/or resides in this District. There are no difficulties in managing this case as a class action.

ANSWER: FedEx Express denies the allegations in Paragraph 31 of the Amended Complaint.

## FACTUAL ALLEGATIONS

### FedEx Express's Policy and Practice Regarding Military Leave

32.     Since October 10, 2004, when a servicemember employee of FedEx has taken military leave that lasts 30 days or less ("short-term military leave"), FedEx has not provided paid leave or pay to the employee during such short-term military leave. However, when an employee of FedEx has been required to be absent from his or her employment at FedEx for any one of a number of non-military reasons, including that the employee is ill or needs to address the death of a family member, FedEx has provided paid leave or the employee's full wages and/or salary during his or her leave of absence. When a FedEx employee has been absent from work because he or she is required to perform jury service, FedEx has paid the employee the difference between his or her compensation from FedEx and any stipend or

compensation that employees receive for their jury duty service (*i.e.,* differential pay).

**ANSWER**: FedEx Express denies the allegations in Paragraph 32, except admits that FedEx employees can receive pay while on absences for certain reasons as detailed by FedEx Express' applicable collective bargaining agreements and handbooks.

33.     Thus, since at least October 10, 2004, FedEx has maintained a policy or practice of failing to pay employees paid leave or pay when they take short-term military leave, while providing employees who take comparable forms of non-military leave-such as jury duty, bereavement leave, or sick leave-with full pay or paid leave, or with differential pay or paidleave.

**ANSWER**: FedEx Express denies the allegations in Paragraph 33 of the Amended Complaint.

## USERRA Required FedEx Express to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Paid Leave or Pay

34.     USERRA  § 43l6(b)(1) provides, in relevant part. that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

(A) deemed to be on furlough or leave of absence while performing such service; and

(B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement ofsuch service or established while such person performs such service.

38 U.S.C. § 4316(b)(l).

**ANSWER**:  Paragraph 34 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 34 of the Amended Complaint, except admits that Paragraph 34 cites to a portion of

USERRA and FedEx Express admits and avers that USERRA speaks for itself.

35.     Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including paid leave and pay, USERRA § 4316(b)(1) requires the employer to provide those same "rights and benefits" to employees during their periods of military leave. *Id.*; *see also id.* § 4303(2); 20 C.F.R. § 1002.150(a).

**ANSWER**:  Paragraph 35 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 35 of the Amended Complaint, except admits that Paragraph 35 cites to portion of USERRA and a federal regulation, which FedEx Express admits and avers speak for themselves.

36.     As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" under USERRA  is "the duration  of the leave."  20 C.F.R. § 1002.150(b).  In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id.*

**ANSWER**:  Paragraph 36 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 36 of the Amended Complaint, except admits that Paragraph 36 cites to a Department of Labor regulation and FedEx Express admits and avers that the regulation speaks for itself.

**FedEx Express Fails to Pay Employees When They Take Short-Term Military Leave**

37.     Pursuant to FedEx's policy or practice of refusing to provide paid leave or pay to employees during periods of short-term military leave, FedEx failed to pay Plaintiff and the members of the Class paid leave or pay during each period in which they took short-

term military leave since October 10, 2004.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 37 of the Amended Complaint.

38.      Upon information and belief, throughout the relevant time period, FedEx provided fully paid leave or full pay to employees while they were on leave from their employment with FedEx because of bereavement leave or sick leave, and provided differential pay to employees while they were on leave from their employment with FedEx because of jury duty.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 38 of the Amended Complaint.

39.      Jury duty, sick leave, and bereavement leave are all comparable to short-term military leave in terms of the duration of these forms of leave and the involuntary nature of the leave.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 39 of the Amended Complaint.

40.      For employees of FedEx, the duration of jury duty leave, sick leave, and bereavement leave is comparable to the duration of short-term military leave.  Each of these typesof leaves most commonly lasts several days, and usually not more than a couple of weeks.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 40 of the Amended Complaint.

41.      Jury duty leave, sick leave, and bereavement leave, like short-term military leave, are ordinarily involuntary.  Jury duty is required by federal, state, or local law.  Sick

leave occurs due to a short-term, involuntary medical condition that prevents an employee from working. Bereavement leave occurs due to the death of a family member.  And short-term military leave occurs due to an employee's legal obligation to perform military service in the Armed Forces.

**ANSWER**:   FedEx Express denies the allegations in Paragraph 41 of the Amended Complaint.

42.      In addition, the purpose of jury duty is the same as short-term military leave: to perform service for our government and to engage in public service for the benefit of our society.

**ANSWER**:   FedEx Express denies the allegations in Paragraph 42 of the Amended Complaint.

43.      FedEx's policy or practice of refusing to provide paid leave or pay to employees when they take short-term military leave, while continuing to provide paid leave or pay to employees when they take other comparable forms of non-military leave, violates USERRA § 4316(b), because  Defendant  denies its employees  the same non-seniority' rights and  benefits" that it provides to similarly situated employees who are on furlough or leave of absence. 38 U.S.C. §4316(b); *see also id.* § 4303(2).

**ANSWER**:   FedEx Express denies the allegations in Paragraph 43 of the Amended Complaint.

44.       This policy  has unlawfully  denied  FedEx's employees  the paid leave or pay that they should have received when they engaged in short-term military leave compared to employees who received paid leave or pay when they engage in jury duty, bereavement leave,

sick leave, or other, comparable forms of non-military leave.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 44 of the Amended Complaint.

**Plaintiff's USERRA-Protected Military Leave**

45.     Since his employment at FedEx began in 1996, Plaintiff regularly took periods of short-term military leave every year from 1996 to 2010 that qualified as service in the uniformed services under 38 U.S.C. § 4303(13) and for which he did not receive paid leave or pay from FedEx.

**ANSWER**:  Paragraph 45 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, FedEx Express admits only that Plaintiff took various periods of military leave but denies the remaining allegations in Paragraph 45 of the Amended Complaint.

46.     Plaintiff performed military service between October 10, 2004 and the present.  From 2004 to 2010, Plaintiff performed drills one weekend a month, and during at least some of those weekend drills Plaintiff took military leave from FedEx to participate in such drills.  In addition, in 2006, 2007, and 2009, Plaintiff took periods of short-term military leave to participate in two-week trainings or other periods of leave that did not exceed 30 consecutive days. These periods of short-term military leave were separate from two long-term periods of military leave from July 2004 to July 2005 and from October 2007 to October 2008 during which Plaintiff was deployed and on active duty. According to an Annual Statement of Service History that Plaintiff obtained from the Navy website in January 2010, Plaintiffs short-term and long-

term military service added up to at least the following days of service:

| Period | Annual Days of Military Service (Including Short-Term and Long-Term Military Service) |
|---|---|
| 2005 Fiscal Year (September 26, 2004 - September 25, 2005) | 292 |
| 2006 Fiscal Year (September 26, 2005 - September 25, 2006) | 50 |
| 2007 Fiscal Year (September 26, 2006 - September 25, 2007) | 62 |
| 2008 Fiscal Year (September 26, 2007 - September 25, 2008) | 343 |
| 2009 Fiscal Year (September 26, 2008 - September 25, 2009) | 86 |
| 2010 Fiscal Year (September 26, 2009 - January 2, 2010) | 10 |

**ANSWER**: FedEx Express admits that Plaintiff took periods of military leave while employed at FedEx Express but denies that Plaintiff took any unpaid military leaves of 30 days or less while employed by FedEx Express from October 10, 2004 through the present. FedEx Express is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 46 of the Amended Complaint.

## COUNT I
## VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(l)
### (On Behalf of the Class)

47.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER**:  Paragraph 47 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, FedEx Express denies the allegations in Paragraph 47 of the Amended Complaint, except admits that Paragraph 47 purports to describe Plaintiff's Amended Complaint.

48.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a

20

position of employment by reason of service in the uniformed services shall be (a) deemed to be on furlough or leave of absence while performing such service; and (b) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

**ANSWER**: Paragraph 48 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, FedEx Express denies the allegations in Paragraph 48 of the Amended Complaint, except admits that Paragraph 48 cites to a portion of USERRA and FedEx Express admits and avers that USERRA speaks for itself.

49. Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined in 38 U.S.C. § 4303(2), that must be provided equally to employees who take military leave and employees who take other, comparable forms of non-military leave, pursuant to USERRA § 4316(b), 38 U.S.C. § 4316(b).

**ANSWER**: Paragraph 49 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, FedEx Express denies the allegations in Paragraph 49 of the Amended Complaint, except admits that Paragraph 49 cites to a portion of USERRA and FedEx Express admits and avers that USERRA speaks for itself.

50. The Department of Labor's regulation that implements and interprets USERRA § 4316(b)(1), provides that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs

service in the uniformed services." 20 C.F.R. § 1002.150(b).

**ANSWER**:  Paragraph 50 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, FedEx Express denies the allegations in Paragraph 50 of the Amended Complaint, except admits that Paragraph 50 cites to a Department of Labor regulation and FedEx Express admits and avers that the regulation speaks for itself.

51.     The types of leave for which FedEx has provided employees paid leave, pay, wages, and/or salaries-including jury duty leave, bereavement leave, and sick leave-are comparable to short-term military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 51 of the Amended Complaint.

52.     By adopting and applying a policy or practice of not providing employees who take short-term military leave paid leave or pay, FedEx denied Plaintiff and the Class the same "rights and benefits," namely paid leave, pay, wages, and/or salaries, that FedEx provided to employees who take other, comparable forms of non-military leave, including jury duty leave, sick leave, and bereavement leave.  Thus, FedEx failed to provide employees on short-term military leave the most favorable treatment that FedEx afforded employees on other, comparable forms of non-military leave. By doing so, FedEx violated and continues to violate USERRA § 4316(b)(1).

**ANSWER**:  FedEx Express denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Due to FedEx's failures to comply with USERRA § 4316(b)(l), Plaintiff and other members of the Class have received less paid leave, pay, and/or compensation than they would

have received had Defendant complied with USERRA and the Department of Labor's regulations.

**ANSWER**:  FedEx Express denies the allegations in Paragraph 53 of the Amended Complaint.

54.    Upon information and belief, Defendant's violations of USERRA § 4316(b)(l) were willful.

**ANSWER**: FedEx Express denies the allegations in Paragraph 54 of the Amended Complaint.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays that judgment be entered against Defendant FedEx on all claims and respectfully requests that this Court award the following relief:

A.    Declare that Defendant's policy or practice by which it failed to provide employees with paid leave or pay when they took short-term military leave, while providing paid leave or pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under USERRA § 4316(b);

B.    Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(l)(C);

C.    Declare that Defendant must provide paid leave or pay to employees who take short-term military on the same basis as employees who take leave for jury duty, sick leave, bereavement leave, or other forms of comparable short-term, non-military leave;

D.    Require Defendant to recalculate and pay the paid leave, pay, wages, and/or salary that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

E.    Order Defendant to pay all members of the Class liquidated damages in an

amountto be determined at trial pursuant to 38 U.S.C. § 4323(d)(l)(C);

F.      Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

G.      Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiffs' Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

H.      Grant such other and further relief as the Court deems proper, just, and/or equitable.

**ANSWER**: FedEx Express denies that Plaintiff, as an individual and on behalf of the putative class, is entitled to any of the relief set forth in the WHEREFORE clause of the Amended Complaint, including its component subparts.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

**ANSWER**: The jury trial demand paragraph states a legal conclusion to which no response is required. To the extent a response is required, FedEx Express denies the allegations except admits that Plaintiff purports to demand a trial by jury for all causes of action and issues for which trial by jury is available.

## AFFIRMATIVE DEFENSES

FedEx Express asserts the following affirmative defenses to Plaintiff's claim:

### First Affirmative Defense

The claim in the Amended Complaint are barred in whole or in part by the doctrine of

laches.

## Second Affirmative Defense

The claim in the Amended Complaint are barred in whole or in part by the statute of limitations, including by Plaintiff's agreement to bring employment-related claim against FedEx Express within six months of the event forming the basis of the lawsuit.

## Third Affirmative Defense

To the extent Plaintiff and/or any member of the putative class is entitled to damages, which FedEx Express expressly denies, such damages must be offset by the amount of wages they earned while working for the military during the time they were on military leave.

## Fourth Affirmative Defense

This Court lacks personal jurisdiction over the members of any certified class in this actions whose claims do not arise out of or relate to FedEx Express' activities in Pennsylvania.

## Fifth Affirmative Defense

The claims in the Amended Complaint are barred in whole or in part by the doctrine of estoppel.

## Sixth Affirmative Defense

The claims in the Amended Complaint are barred in whole or in part by the doctrine of waiver.

## Seventh Affirmative Defense

The claims in the Amended Complaint are barred in whole or in part to the extent Plaintiff has released or settled those claims.

## Eighth Affirmative Defense

FedEx Express reserves the right to assert additional Affirmative Defenses as necessitated

by any additional facts and/or information adduced and/or provided hereafter in this action.

**WHEREFORE**, FedEx Express respectfully requests a judgment dismissing with prejudice Plaintiff's claim filed herein, together with the costs and disbursements of this action and such other relief, which the Court deems just and appropriate.

Dated:  October 25, 2021

Mark W. Robertson (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
mrobertson@omm.com

M. Tristan Morales (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye St NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
tmorales@omm.com

/s/ Ryan T. Becker
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Fl.
Philadelphia, PA 19103-3222
Telephone: (215) 299-2033
Facsimile: (215) 299-2150
rbecker@foxrothschild.com

Colleen Hitch Wilson (*admitted pro hac vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Memphis, TN 38125
Telephone: (901) 434-8338
chitchwilson@fedex.com

Jason Zarrow (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: 213-430-8369
Facsimile: 213-430-6407
jzarrow@omm.com

*Attorneys for Defendant Federal Express Corporation*

26

## CERTIFICATE OF SERVICE

I hereby certify that, on October 25, 2021, I electronically filed the foregoing document with the Clerk of Court via CM/ECF which will send notification of such filing to all counsel of record.

  _/s/ Ryan T. Becker_
Ryan T. Becker