IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD TRAVERS and DARREN BEANLAND, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION,<br><br>     Defendant. | Civil Action No. 2:19-cv-06106-MAK |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF BEANLAND UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION

Mark W. Robertson (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
mrobertson@omm.com

M. Tristan Morales (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye St NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
tmorales@omm.com

Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Fl.
Philadelphia, PA 19103-3222
Telephone: (215) 299-2033
Facsimile: (215) 299-2150
rbecker@foxrothschild.com

Colleen Hitch Wilson (*admitted pro hac vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Memphis, TN 38125
Telephone: (901) 434-8338
chitchwilson@fedex.com

Jason Zarrow (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jzarrow@omm.com

*Attorneys for Defendant Federal Express Corporation*

## INTRODUCTION

Defendant Federal Express Corporation ("FedEx") moves to dismiss Plaintiff Darren Beanland's claim for lack of personal jurisdiction. There is no general personal jurisdiction because FedEx is not incorporated in Pennsylvania nor does it have its principal place of business here. And there is no specific personal jurisdiction because there is no connection between Beanland's claim and this forum. Beanland alleges that FedEx violated Section 4316(b) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4316(b), because FedEx provided certain types of paid civilian leaves but did not pay him during periods of "short-term military leave." But as the Second Amended Complaint details, Beanland lives in Indiana, works for FedEx in Indiana, and serves in the military in Indiana. That another Plaintiff (Gerard Travers, a Pennsylvania courier for FedEx) can assert his USERRA claim here is irrelevant under *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1781 (2017), which expressly rejected the argument that jurisdiction as to one plaintiff can create jurisdiction as to another. Finally, no consent to general personal jurisdiction exists because the Pennsylvania Supreme Court recently eliminated consent under its business-registration statute as a basis for personal jurisdiction. *Mallory v. Norfolk S. Ry. Co.*, --- A.3d ---- , 2021 WL 6067172 (Pa. Dec. 22, 2021).

Accordingly, FedEx respectfully requests that the Court dismiss Plaintiff Beanland's claim for lack of personal jurisdiction.

## BACKGROUND

Plaintiffs allege that FedEx violated USERRA § 4316(b) because it provided paid civilian leaves but did not provide paid "short-term military leave." *See* Dkt. 84 ("SAC") ¶ 3. Initially, the only plaintiff in this case was Travers, a FedEx courier in Phoenixville, Pennsylvania. *See*

1

Dkt. 27 ¶ 8. But Travers's claim suffers from two threshold defects: he did not take "short-term military leave" and his claim is barred in any event by the equitable defense of laches, as FedEx will demonstrate in its forthcoming motion for summary judgment.

Well after Plaintiffs were put on notice of the defects with Travers's claims, Plaintiffs sought this Court's permission to add another plaintiff, Beanland. FedEx did not oppose the request to file a Second Amended Complaint, but it specifically reserved its right to move to dismiss "the new plaintiff's claims if warranted after a good faith investigation of the facts and the law." Dkt. 83 ¶ 7. FedEx has conducted that investigation and it is clear that this Court lacks personal jurisdiction over Beanland's claim.

Unlike Travers, Beanland's claim has no nexus to Pennsylvania. Beanland "resides in Cloverdale, Indiana, and works for FedEx in Indiana." SAC ¶ 9. He "is also a Flight Line Expediter in the Indiana Air National Guard, where he has served for the past 23 years." *Id*. Beanland does not allege that he ever worked for FedEx in Pennsylvania, or that FedEx made any decision relevant to his claims in Pennsylvania.

## ARGUMENT

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). Under that rule, once a jurisdictional defense is raised, the plaintiff ordinarily "bears the burden of establishing, through sworn affidavits or other competent evidence, that personal jurisdiction can be exercised." *Scott v. Lackey*, 587 F. App'x 712, 716 (3d Cir. 2014). But a court is not required to authorize jurisdictional discovery (or conduct an evidentiary hearing) "where the party that bears the burden of establishing jurisdiction failed to establish a threshold prima facie showing of personal jurisdiction." *Middleton v. Trans Union, LLC*, 2021 WL 3674617, at *3 (E.D. Pa. Aug. 19, 2021). "[G]eneralized allegations of …

2

contact with Pennsylvania … are insufficient to meet [a plaintiff's] burden of proof on the jurisdictional issue.  Nor are they sufficient to make out a prima facie case that could justify jurisdictional discovery." *Parker v. Learn The Skills Corp.*, 219 F. App'x 187, 190 (3d Cir. 2007) (citation omitted); *see generally McCracken v. R.J. Reynolds Tobacco Co.*, 2018 WL 2304041, at *2-3 & n.14 (E.D. Pa. May 21, 2018) (Kearney, J.) (setting out and applying 12(b)(2) standard and dismissing for failure to allege facts establishing jurisdiction).

As relevant here, Federal Rule of Civil Procedure 4(k)(1) authorizes federal courts to assert personal jurisdiction to the extent authorized by the law of the state in which the federal court sits or where service is authorized by a federal statute.  Fed. R. Civ. P. 4(k)(1)(A), (C). "Because USERRA does not provide for nationwide service of process, this Court may exercise personal jurisdiction" over Beanland's claim "only if a [Pennsylvania] court could do so through the state's long-arm statute."  *Carter v. Siemens Bus. Servs., LLC*, 2010 WL 3522949, at *3 (N.D. Ill. Sept. 2, 2010); *see Ruffing v. Wipro Ltd.*, 529 F. Supp. 3d 359, 370 n.2 (E.D. Pa. 2021) (holding that Rule 4(k)(1)(A) controlled personal jurisdiction of FLSA claim because "[t]he FLSA does not reference service of process"); *see also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  Pennsylvania's long-arm statute provides for jurisdiction "to the fullest extent allowed by the Constitution of the United States."  42 Pa. Cons. Stat. Ann. § 5322(b); *see also Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007).

The Constitution permits "two recognized types of personal jurisdiction."  *Marten*, 499 F.3d at 296.  General personal jurisdiction exists when the defendant is essentially at home in the forum state.  *Daimler*, 571 U.S. at 122 (applying *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)).  Absent extraordinary circumstances, a corporation is at home, and thus subject to general personal jurisdiction, where it is incorporated and where it has its

3

principal place of business. *Id.*; *see also Jones-Eiland v. Universal Health Servs., Inc.*, 2021 WL 4477169, at *2 (E.D. Pa. Sept. 30, 2021) (same). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *BMS*, 137 S. Ct. at 1780.

"Specific jurisdiction is very different." *Id.* "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum State.'" *Id.* at 1781 (quoting *Goodyear*, 564 U.S. at 919). "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919.

Beanland has not alleged a *prima facie* case for personal jurisdiction under either theory. And as of December 2021, consent to jurisdiction under Pennsylvania's business-registration statute is no longer a basis for personal jurisdiction.

### A. This Court Lacks General Jurisdiction

To start, this Court lacks general jurisdiction over FedEx because Beanland does not allege that FedEx is incorporated in Pennsylvania or that it has its principal place of business in Pennsylvania. Nor could he. FedEx is incorporated in Delaware, SAC ¶ 10, and its principal place of business is in Tennessee. Under *Daimler*, FedEx is thus not subject to general personal jurisdiction in this State. 571 U.S. at 122.

### B. This Court Lacks Specific Jurisdiction

Specific personal jurisdiction is also lacking. Specific jurisdiction requires "an 'affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State.'" *BMS*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). Notably absent from the Second Amended Complaint is any allegation that

4

Beanland's claim arose out of or relates to FedEx's conduct in Pennsylvania. Beanland lives in Indiana, "works for FedEx in Indiana," and performs military service in the "Indiana Air National Guard." SAC ¶ 9. There is *no* nexus at all between Beanland's claim and the forum. *See BMS*, 137 S. Ct. at 1782 (court cannot exercise specific personal jurisdiction where plaintiffs are not residents of the forum State, "do not claim to have suffered harm in that State," and "all the conduct giving rise to the nonresidents' claims occurred elsewhere").

The fact that this Court has specific personal jurisdiction over Travers's claim against FedEx is irrelevant. Jurisdiction as to one plaintiff does not establish jurisdiction as to all plaintiffs, even those asserting "identical claims brought by the State's residents." *Ford Motor Co. v. Mt. Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1030 (2021). That is the core holding of *BMS*. There, the California Supreme Court had held that it could exercise personal jurisdiction over nonresidents' claims against the manufacturer of the prescription drug, Plavix, "because the claims of the nonresidents were similar in several ways to the claims of California residents (as to which specific jurisdiction was uncontested)." *See BMS*, 137 S. Ct at 1779.

The Supreme Court reversed. "The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. at 1781. What was needed—and what was missing—was "a connection between the forum and the specific claims at issue." *Id*. Just as with the nonresident plaintiffs in *BMS*, because there is no connection between Pennsylvania and Beanland's claim, personal jurisdiction is lacking. *Id*.; *see also, e.g.*, *Horowitz v. AT&T Inc.*, 2018 WL 1942525, at *15 (D.N.J. Apr. 25, 2018) ("[A] court does not have specific jurisdiction over individual claims asserted by nonresident named plaintiffs because there is no connection between their claims and the

5

corporation's activities within the forum, even if those claims are similar or identical to claims brought in the same case by a resident named plaintiff against the same defendant.").

### C. Consent Under Pennsylvania's Business-Registration Statute Is No Longer A Basis For Personal Jurisdiction

Following the Third Circuit's decision in *Bane v. Netlink, Inc.*, 925 F.2d 637 (3d Cir. 1991), this Court has previously held that a company consents to general personal jurisdiction in Pennsylvania by registering to do business in the State. *See Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648 (E.D. Pa. 2016) (Kearney, J) (applying 42 Pa. Cons. Stat. Ann. § 5301(a)(2)). As this Court observed, "[t]he law of the state determines whether a corporation consents to the personal jurisdiction of the courts." *Id*. at 652. On matters of state law, district courts are bound by Third Circuit precedent, except "where there has been an intervening change in the law," like "a clear statement by the Pennsylvania Supreme Court to the contrary." *Busch v. Domb*, 2017 WL 6525779, at *4 (E.D. Pa. Dec. 21, 2017) (quotations omitted); *see, e.g.*, *Robinson v. Jiffy Exec. Limousine Co*., 4 F.3d 237, 240 (3d Cir. 1993). And since this Court decided *Bors*, the Pennsylvania Supreme Court provided exactly that.

In *Mallory*, the Pennsylvania Supreme Court held that: (i) its business registration "scheme violates due process to the extent that it allows for general jurisdiction over foreign corporations, absent affiliations within the state that are so continuous and systematic as to render the foreign corporation essentially at home in Pennsylvania"; and (ii) "compliance with Pennsylvania's mandatory registration requirement does not constitute voluntary consent to general personal jurisdiction." 2021 WL 6067172, at *1. Accordingly, *Bane*'s holding that "registration by a foreign corporation carries with it consent to be sued in Pennsylvania courts," 925 F.2d at 640, is no longer binding on this Court because it has been superseded by the Pennsylvania Supreme Court's decision to the contrary in *Mallory*. Because a Pennsylvania

6

court would not exercise general personal jurisdiction based on the State's registration statute, this Court cannot do so either. *See* Fed. R. Civ. P. 4(k)(1)(A).[1]

## CONCLUSION

For these reasons, FedEx respectfully requests that the Court dismiss Beanland's claim for lack of personal jurisdiction.

Dated:  January 24, 2022

Mark W. Robertson (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
mrobertson@omm.com

M. Tristan Morales (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye St NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
tmorales@omm.com

/s/ Ryan T. Becker
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Fl.
Philadelphia, PA 19103-3222
Telephone: (215) 299-2033
Facsimile: (215) 299-2150
rbecker@foxrothschild.com

Colleen Hitch Wilson (*admitted pro hac vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Memphis, TN 38125
Telephone: (901) 434-8338
chitchwilson@fedex.com

Jason Zarrow (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: 213-430-8369
Facsimile: 213-430-6407
jzarrow@omm.com

*Attorneys for Defendant Federal Express Corporation*

---

[1] District courts in this Circuit were "divided" on the question whether consent under Pennsylvania's business registration statute is a valid basis for personal jurisdiction after *Daimler*. *Compare Ruffing*, 529 F. Supp. 3d at 366-68, *with Bors*, 208 F. Supp. 3d at 653. That question is now moot because *Mallory* held that its business-registration statute cannot create consent in the first place.

7