# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD TRAVERS and DARREN BEANLAND, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION,<br><br>        Defendant. | **Civil Action No. 2:19-cv-06106-MAK**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF BEANLAND UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION** |

# TABLE OF CONTENTS

Introduction ................................................................................................................. 1

Background ................................................................................................................. 1

    I.      Summary of Relevant Facts ...................................................................... 1

    II.     The Class .................................................................................................. 2

Argument ..................................................................................................................... 2

    I.      Because the Fifth Amendment Governs This Action, the Court Has Personal Jurisdiction over Beanland's claim ............................................ 2

          A.    FedEx Has Minimum Contacts with the United States as a Whole, Which Is All that the Fifth Amendment Requires ....................... 2

          B.    As Rule 4(k)(1) Only Applies to Service of a Summons, It Does Not Apply ......................................................................................... 3

          C.    FedEx Does Not and Cannot Dispute That It Has Been Properly Served ............................................................................... 7

    II.     The Court Should Exercise Pendent Personal Jurisdiction Over Beanland's Claim. ..................................................................................... 8

          A.    The Court Has Discretion to Exercise And Is Not Precluded from Exercising Pendent Personal Jurisdiction. ................................ 9

          B.    Specific Jurisdiction over Travers' Claim Exists and Beanland's Claim Arises Out of a Common Nucleus of Facts with Travers' Claim. ......................................................................... 11

          C.    Judicial Economy, Convenience, and Fairness to Litigants Strongly Weigh in Favor of the Exercise of Pendent Personal Jurisdiction. ..................................................................................... 12

    III.    Even If Beanland Cannot Be a Plaintiff, Beanland Should be Allowed to Be Appointed as an Additional Class Representative ........................... 14

Conclusion ................................................................................................................. 16

# INTRODUCTION

Defendant FedEx Corporation's Motion to Dismiss Plaintiff Beanland under Rule 12(b)(2) argues that the Court lacks general and specific personal jurisdiction over Beanland's claim. First, FedEx's motion is based on a faulty premise: That the Fourteenth, rather than the Fifth, Amendment applies. As the Fifth Amendment applies, Defendant's reliance on *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1785 (2017), which involved separate individual state-law claims filed in state court, does not apply to a federal claim filed in federal court in a class action, where the defendant has admittedly been properly served. Second, FedEx's argument fails to address pendent personal jurisdiction. FedEx concedes that specific jurisdiction over Plaintiff Travers' claim under the sole count in the complaint exists. And Beanland's claim under the same and only count in the complaint arises from a common nucleus of facts with Travers' claim. As a result, judicial economy, convenience, and fairness to litigants strongly weigh in favor of exercising pendent personal jurisdiction. Finally, Beanland should be allowed to be appointed as a class representative pursuant to Rule 23(d) at the same time Plaintiff Travers moves for class certification.

# BACKGROUND

## I. Summary of Relevant Facts

Plaintiff Gerard Travers has been employed by FedEx as a courier since about 1996 and is a retired Petty Officer, First Class in the United States Navy and the Naval Reserve. ECF No. 84 ("SAC") ¶ 8; ECF No. 35-15 ¶ 3. During his employment at FedEx from 1996 to 2010, he took short-term military leave to perform his reserve duties. SAC ¶ 8; ECF No. 35-15 ¶¶ 3, 6. Mr. Travers resides in Phoenixville, Pennsylvania. SAC ¶ 8; ECF No. 35-15 ¶ 4.

Plaintiff Darren Beanland has been employed by FedEx as an aircraft maintenance technician since 2019 and is a flight line expediter in the Indiana Air National Guard. SAC ¶ 9. Since his employment with FedEx in 2009, he has taken periods of short-term military leave to perform his National Guard duties. *Id*. He works for FedEx and resides in Indiana. *Id*.

## II. The Class

The Second Amended Complaint alleges a single claim on behalf of Plaintiffs Travers and Beanland and a putative nationwide class under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") § 4316(b). SAC ¶ 11; *id*. ¶¶ 49–56. Count I alleges that FedEx violated § 4316(b) by failing to provide pay or paid leave to workers who took short-term military leave, while providing pay or paid leave to workers who took comparable forms of non-military leave. *Id*. The putative class consists of current and former FedEx employees who took unpaid short-term military leave at any time from October 10, 2004, to the present. *Id*. ¶ 11.

## ARGUMENT

### I. Because the Fifth Amendment Governs This Action, the Court Has Personal Jurisdiction over Beanland's claim.

#### A. FedEx Has Minimum Contacts with the United States as a Whole, Which Is All that the Fifth Amendment Requires.

FedEx's argument that Beanland must establish specific or general jurisdiction over FedEx in Pennsylvania rests on a faulty premise: that the requirements of the Fourteenth Amendment's Due Process Clause control this case. ECF No. 862 at 3 (asserting that Beanland must satisfy Pennsylvania's long-arm statute, which "provides for jurisdiction to the fullest extent allowed by the Constitution of the United States"). Only state courts are bound by the Fourteenth Amendment, which limits those court's ability to exercise personal jurisdiction over a defendant to cases in which the defendant has "certain minimum contacts" with the *forum state*. *Bristol-Myers Squibb Co.,* 137 S. Ct. at 1785. The Fifth Amendment, however, governs cases in federal court. As a result,

a federal court may exercise personal jurisdiction over a party consistent with the Constitution so long as the defendant has "minimum contacts with the *United States as a whole.*" *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 308 (D.C. Cir. 2020) (emphasis added); *In re Auto. Refinishing Paint*, 229 F.R.D. 482, 489–490 (E.D. Pa. 2005) (following the "First, Fifth, Seventh, and Eleventh Circuits" to conclude that, "under the Fifth Amendment, the relevant forum for assessing [the defendant's] minimum contacts is the United States as whole").

Because this case is in federal court, Beanland need only establish minimum contacts with the country as a whole. The Second Amended Complaint easily satisfies that standard. ECF No. 84 ¶¶ 7–10. No more is necessary to deny FedEx's motion, which rests entirely on the argument that there is no specific or general jurisdiction *in Pennsylvania*. FedEx Mot. at 1.

### B. As Rule 4(k)(1) Only Applies to Service of a Summons, It Does Not Apply.

Attempting to evade that blackletter law—and thereby force Beanland to demonstrate his claim carries minimum contacts with Pennsylvania—FedEx points to Federal Rule of Civil Procedure 4(k)(1). ECF No. 86-2 at 3. But FedEx misunderstands the scope of Rule 4(k)(1) and how it fits within the Federal Rules of Civil Procedure as a whole.

Rule 4 governs the contents and service of a summons. Rule 4(k)(1), in particular, supplies the rules for the "territorial limits of effective service" of a summons. If the requirements of the Rule are satisfied, then service of a summons at the outset of a case allows the federal court to "establish[] personal jurisdiction over a defendant." Fed. R. Civ. P. 4(k)(1).

Rule 4 provides three different scenarios in which service of a summons is "effective." First, service satisfies the Rule if the defendant would be subject to the jurisdiction of a state court within the federal judicial district. Fed. R. Civ. P. 4(k)(1)(A). Because the Fourteenth Amendment applies to state courts, this provision, in effect, incorporates the constitutional requirement that the

3

minimum contacts be tied to the forum state, rather than the United States. Second, service of a summons is effective anywhere that a federal statute authorizes. Fed. R. Civ. P. 4(k)(1)(C). This enables the use of "nationwide" service of process provisions, which can be found in statutes like RICO or the Securities Act of 1934, and allows any federal court in the country to exercise jurisdiction if the defendant has minimum contacts with the country as a whole.[1] *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) ("Where Congress has spoken by authorizing nationwide service of process . . . as it has in the Securities Act, the jurisdiction of a federal court need not be confined by the defendant's contacts with the state in which the federal court sits."). Third, under what is known as the "bulge rule," when a defendant is joined under Rule 14 (governing third-party practice) or Rule 19 (governing mandatory joinder), service is effective if the defendant is served anywhere within 100 miles of where the summons issues. Fed. R. Civ. P. 4(k)(1)(B). The three different methods for effective service that the Rule supplies reflect a policy choice of the Rules about how far to extend effective service of a summons, not constitutional limitations. *Cf. Gamble v. Lyons Precast Erectors, Inc.*, 825 F. Supp. 92, 94 (E.D. Pa. 1993) ("The intent of Congress in enacting the bulge rule, however, was to allow complicated controversies to be ended by a single lawsuit if all the necessary third parties could be found within 100 miles of the courthouse.") (citation omitted).

Rule 4(k)(1) thus applies to the *service of a summons,* but FedEx does not and cannot complain that Beanland failed to properly serve FedEx. Instead, FedEx assumes—as it offers no affirmative argument to support the premise of its motion, *see* FedEx Mot. at 3—that Rule 4(k)(1) extends beyond service of a summons to constrain the Court's power to act for the entirety of the case. And, because USERRA has no nationwide service of process provision, FedEx, in essence,

---

[1] Whether venue would be proper, of course, presents a different question.

4

asserts that Rule 4(k)(1)(A) "applies" to impose the implicit requirement that a new plaintiff may only be added if he could have served a hypothetical summons for a case in state court. ECF No. 86-2 at 3. From these faulty premises, FedEx then erroneously concludes that Beanland cannot make the showing under *Bristol-Myers Squibb*'s interpretation of the Fourteenth Amendment.

The First Circuit recently rejected substantially the same argument in a collective action case under Fair Labor Standards Act, where the defendant invoked *Bristol-Myers Squibb* to challenge jurisdiction over out-of-state "opt-in" plaintiffs. [2] *Waters v. Day & Zimmermann NPS, Inc.*, 2022 WL 123233, at *1, 2 (1st Cir. 2022). In *Waters*, the out-of-state opt-in plaintiffs joined the case after the original plaintiff properly served the defendant with a summons, and the defendant argued that the claims of the out-of-state opt-in lacked minimum contacts with the forum state. *Id.* Like FedEx here, the defendant in *Waters* did not argue that the new plaintiffs (the out-of-state opt-ins) had to serve a summons. *Id.* at *7. Just as FedEx does, the defendant contended that "Rule 4(k) incorporates the Fourteenth Amendment's limits on the jurisdiction of federal courts wherever a federal statute does not provide for nationwide service of process." *Compare id.* at *6 *with* ECF No. 86-2 at 3 ("Because USERRA does not provide for nationwide service of process, this Court may exercise personal jurisdiction over Beanland's claim only if a Pennsylvania court could do so through the state's long-arm statute.") (citations and alterations omitted). FedEx's substantially similar arguments should be rejected for the same reasons explained by the First Circuit.

In a careful opinion examining the text, history, and purpose of Rule 4, the First Circuit

---

[2] Unlike a class action, where absent class members must "opt out" or are presumed to be a part of a case, an individual must "opt in" to a collective action. That person then becomes a party. *See Waters*, 2022 WL 123233, at *3–4 (collecting cases).

rejected the argument FedEx now advances.[3] The court explained that Rule 4 is "concerned only with service" of a summons and that the text "nowhere suggests that Rule 4 . . . constrains a federal court's power to act once a summons has been properly served, and personal jurisdiction has been established." *Id.* at *7. This was evident from the text and purpose of the Rule:

> [H]ad it been the FRCP drafters' intention to have Rule 4 govern more than the service of a summons, they could have simply said that additional plaintiffs may be added to an action if they could have served a summons on a defendant consistent with Rule 4(k)(1)(A). But that was not the choice the drafters made, and for good reason. It would be anomalous to apply the Fourteenth Amendment, rather than the Fifth Amendment, to federal causes of action after a summons is properly served.

*Id* at *7. The First Circuit's reasoning fully disposes of FedEx's motion, which offers no reason why Rule 4(k)(1)(A) can be read to extend beyond service, but simply takes it for granted.

The First Circuit also considered and rejected an argument that it would be improper to interpret Rule 4(k)(1)(A) consistent with its plain text because it would enable the addition of new plaintiffs through an amended complaint who could not have served a summons originally. "In both the case of added parties and claims, the court's jurisdiction is still subject to constitutional limitations—in the case of federal-law claims, the Fifth Amendment—and statutory limitations governing subject matter jurisdiction and venue." *Id.* at *11. Moreover, there is nothing unusual about that result. "[T]rial courts in this District, and at least one Circuit Court, have held that the 'principles announced in *Bristol-Myers* do not apply to the case of a nationwide class action in federal court under a federal statute.'" *Kelly v. RealPage, Inc.*, 338 F.R.D. 19, 27 (E.D. Pa. 2020) (quoting *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 443 (7th Cir. 2020) and citing other cases to rejecting argument that *BMS* applies to absent class members in federal court). In short, it would make no

---

[3] As *Waters* notes, the Sixth and Eighth Circuits have reached contrary conclusions in cases brought under the FLSA, but neither the case law on which those courts relied nor the text of the Federal Rules supports the results in those cases. 2022 WL 123233, at *10–11.

sense to contort Rule 4(k)(1)(A) the manner FedEx urges, as the limitations on service of summons that the Rule imposes are not constitutionally required.

### C. FedEx Does Not and Cannot Dispute That It Has Been Properly Served.

FedEx has not suggested that Beanland should be dismissed for deficient service.[4] FedEx's failure to raise this issue confirms that Rule 4 does not apply. Service of a summons by a plaintiff in accordance with Rule 4(k)(1), allows a court to exercise jurisdiction over the defendant at the start of a case. *Supra* Section I.B. But once a summons is properly served and the defendant appears, Rule 5 governs service for the remainder of the litigation, and where the party is represented by an attorney, service must be made on the attorney. Fed. R. Civ. P. 5(b)(1). Rule 5 requires that various "papers"—from motions to discovery to offers of judgment—"be served on every party." Rule 5(a)(1). One of those "papers" is "a pleading filed after the original complaint," i.e., an amended complaint (or an answer). Rule 5(a)(1)(B).

Rule 5 also explains how service of these "papers" must be accomplished. As a general matter, covered "papers" may be served in a variety of way—such as mailing or through a court's ECF system—none of which require service of a summons. But there is one exception. If a party has failed to appear and an amended complaint "asserts a new claim for relief" against that party, then service must be accomplished pursuant to Rule 4—that is, a summons must be served again. Fed. R. Civ. P. 5(a)(2).

---

[4] Failure to properly serve a summons is distinct from an argument that there is a lack of specific or general jurisdiction with a forum state or the United States. *Apexco PPSI, LLC v. De Herdt*, 2021 WL 1649895, at *1 (E.D. Pa. Apr. 27, 2021) ("[I]f a plaintiff fails to obtain a proper summons and the defendant raises the issue, the court should dismiss the plaintiff's action under Rule 12(b)(2) for lack of personal jurisdiction."). Not only has any argument about a lack of a summons been waived, but such an argument does not apply.

Taken together, this means that once a party has appeared—like FedEx has here—there is no requirement to serve a summons when serving an amended complaint. Were it otherwise, the special rule governing service on parties who have failed to appear would be superfluous. That is not how the Rules are interpreted. *See, e.g.*, *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 439 (4th Cir. 2003) (rejecting a reading that would "render[] a subsection of [Rule 23] superfluous"). As courts have recognized, service under Rule 5 applies even when an amended complaint adds a new plaintiff. *Fashion Novelty Corp. of N. J. v. Cocker Mach. & Foundry Co.*, 331 F. Supp. 960, 962 & n.3 (D.N.J. 1971) (explaining that, had the Rules' drafters intended otherwise, they would have imposed the same rules governing service on parties who have failed to appear); *In re Heigle*, 401 B.R. 752, 765 (Bankr. S.D. Miss. 2008) (same under equivalent Bankruptcy Rules); *see also* Fed. R. Civ. P. 25(a)(3) (notice of substitution of parties, including substitution of a plaintiff, may be served under Rule 5 on a party that has appeared, but must be served under Rule 4 on a nonparty).

Here, Beanland served FedEx in accordance with Rule 5. ECF No. 84 at 19. Because the Court has already properly exercised personal jurisdiction over FedEx, no more is required for him to prosecute his claim.

## II. The Court Should Exercise Pendent Personal Jurisdiction Over Beanland's Claim.

FedEx argues that the Court lacks general or specific jurisdiction over FedEx with respect to Plaintiff Beanland's claim because he alleges that he lives and works in Indiana and does not allege that FedEx is incorporated in or has its principal place of business in Pennsylvania. ECF

No. 86 at 2; ECF No. 86-2 at 4–5. FedEx's argument also ignores the doctrine of pendent personal jurisdiction.[5] *See* ECF Nos. 86 & 86-2.

Under that doctrine, "a court may exercise its discretion to hear claims as to which personal jurisdiction may otherwise be lacking if those claims arise out of a common nucleus of facts with claims as to which personal jurisdiction exists.'" *Miller v. Native Link Constr., LLC*, No. 15-1605, 2017 WL 3536175, at *29 (W.D. Pa. Aug. 17, 2017); *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 123 (3d Cir. 2020) (holding that the doctrine of pendent personal jurisdiction applied and quoting *Robinson v. Penn Cent. Co.*, 484 F.2d 553, 555–56 (3d Cir. 1973)). The focus of the analysis is whether the claims arise out of a common nucleus of facts, not whether they belong to the same plaintiffs. *See Miller*, 2017 WL 3536175, at *29; *see also Avraham v. Golden*, No. 18-11795, 2020 WL 2214535, at *5 (D.N.J. May 7, 2020) ("Pendent personal jurisdiction applies to claims arising from the same nucleus of material facts as claims for which there is already personal jurisdiction."). When exercising such jurisdiction, a court considers factors such as "judicial economy, convenience and fairness to litigants." *Robinson*, 484 F.2d at 556 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Because this Court has the discretion to exercise pendent personal jurisdiction and all of its elements are satisfied here, personal jurisdiction over Beanland's claim exists.

### A. The Court Has Discretion to Exercise And Is Not Precluded from Exercising Pendent Personal Jurisdiction.

Citing *Bristol-Myers*, FedEx argues that specific jurisdiction over Travers' claim does not establish jurisdiction over Beanland's claim. ECF No. 86 at 2; ECF No. 86-2 at 1. FedEx fails to

---

[5] FedEx also argues, citing *Mallory v. Norfolk S. Ry. Co.*, 2021 WL 6067172 (Pa. Dec. 22, 2021), that registration to conduct business in Pennsylvania does not constitute voluntary consent to general personal jurisdiction. ECF No. 86-2 at 6–7. As that argument does not address pendent personal jurisdiction, it is likewise misplaced.

address pendent personal jurisdiction. Any argument that *Bristol-Myers* precludes federal courts from exercising such jurisdiction over claims by nonresidents would ignore the distinction between a federal-court nationwide class action under a federal statute such as the present case, on the one hand, and *Bristol-Myers*, which "arose in the context of consolidated individual suits" in a state-court mass tort action under state law, on the other. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 446 (7th Cir. 2020); *see Bristol-Myers*, 137 S. Ct. at 1778. As multiple courts in this District have recognized, "there are 'distinct differences between a mass tort action and a Rule 23 class action.'" *Kelly*, 338 F.R.D. at 27 (citing cases).[6] In addition, "the federalism interests at issue in *Bristol-Myers* regarding states exceeding the bounds of their sovereignty are absent in federal court and under federal law, where the only relevant 'sovereignty' is the United States." *Id.*

As a result, "the principles announced in *Bristol-Myers* do not apply to the case of a nationwide class action filed in federal court under a federal statute." *Mussat*, 953 F.3d at 443 (holding that the court had personal jurisdiction over nonresident class members' claims); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab'y Prods., Inc.*, 2018 WL 1377608, at *5 (E.D. La. Mar. 19, 2018); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017). Based on the same reasoning, courts have held that *Bristol-Myers* does not *per se* preclude pendent personal jurisdiction where the court sits in federal question jurisdiction. *E.g., Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 862 (N.D. Cal. 2018) (exercising pendent personal jurisdiction over claims brought by nonresident plaintiffs in light of the "absence of interstate sovereignty concerns present in *Bristol-Myers*"); *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1172–73 (S.D. Cal. 2018) (rejecting the argument

---

[6] *E.g.*, *McIntyre v. RealPage, Inc.*, 336 F.R.D. 422, 440 (E.D. Pa. 2020); *Velazquez v. State Farm Fire and Cas. Co.*, 19-CV-3128, 2020 WL 1942784, at *10 (E.D. Pa. Mar. 27, 2020).

an antitrust case that pendent personal jurisdiction doctrine does not survive *Bristol-Myers*); *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1136–37 (S.D. Fla. 2019) (enumerating cases and finding that *Bristol-Myers* does not *per se* preclude exercise of pendent personal jurisdiction). This case is a nationwide class action in federal court under USERRA, a federal statute. Accordingly, this Court has discretion to exercise and is not precluded from exercising pendent personal jurisdiction.

> **B.** **Specific Jurisdiction over Travers' Claim Exists and Beanland's Claim Arises Out of a Common Nucleus of Facts with Travers' Claim.**

Specific jurisdiction exists when there is an "affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and brackets omitted). Here, FedEx maintains multiple places of business throughout this District, including various substantial shipping operations in Philadelphia and other areas in Pennsylvania. SAC ¶ 7; ECF No. 68 ¶ 7. Plaintiff Travers works for FedEx in Pennsylvania and took short-term military leave from his employment with FedEx there. SAC ¶ 8; ECF No. 35-15 ¶¶ 3, 4, 6. Travers alleges under Count I that FedEx violated USERRA § 4316(b) by failing to provide him with paid short-term military leave. SAC ¶¶ 49–56. FedEx concedes "the fact that this Court has specific jurisdiction over Travers's claim against FedEx is irrelevant." ECF No. 82-6 at 5. As such, specific jurisdiction exists over Travers' claim under Count I (the sole count in the Complaint).

Plaintiff Beanland's claim under Count I arises out of the same nucleus of facts as Travers' claim. "The Third Circuit takes a liberal interpretation in considering the scope of a 'common nucleus of operative facts.'" *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F.Supp.3d 371, 390 (D.N.J. 2016) (quoting *Children's Vill. v. Sec'y of Pub. Welfare of Penn.*, No. 90-7390, 1992 WL 99587,

11

at *3 (E.D. Pa. Apr. 30, 1992)). "[M]ere tangential overlap of facts is insufficient, but total congruity between the operative facts of the two cases is unnecessary." *Nanavati v. Burdette Tomlin Mem'l. Hosp.*, 857 F.2d 96, 105 (3d Cir. 1988). "[W]here 'critical background facts' are 'common to all claims,' the claims emerge from the same nucleus of operative facts." *MaxLite, Inc.*, 193 F.Supp.3d at 390 (citing *Nanavati*, 857 F.2d at 105). Here, the Complaint alleges a single count on behalf of both Travers and Beanland. *See* SAC ¶¶ 49–56. Travers' and Beanland's claims under Count I stem from the same core facts: (1) both Travers and Beanland work for FedEx and have taken short-short military leave since their employment with FedEx (*id.* ¶¶ 8–9, 46–49); (2) FedEx failed to pay Travers and Beanland paid leave or pay during those periods of military leave (*id.* ¶ 38); (3) FedEx provided fully paid leave or full pay to employees while they were on jury duty leave, sick leave, or bereavement leave and provided differential pay to non-pilot employees while they were on jury duty leave (*id.* ¶ 39); and (4) jury duty leave, sick leave, and bereavement leave are comparable to short-term military leave. *Id.* ¶¶ 40–43. Beanland's claim arises from the same nucleus of facts as Travers' claim.

    **C.    Judicial Economy, Convenience, and Fairness to Litigants Strongly Weigh in Favor of the Exercise of Pendent Personal Jurisdiction.**

Exercise of pendent personal jurisdiction over Beanland's claim serves judicial economy by having both Travers' and Beanland's claims heard in the same court. Dismissing Beanland from this action would promote piecemeal litigation with Beanland filing his claim in a separate suit. He could do so in Indiana (where he works and resides) or in Delaware where FedEx is headquartered. Either way would run the risk of duplicative discovery on identical issues concerning, for example, the comparability of jury duty leave, sick leave, vacation, bereavement and other leaves to short-term military leave. *See Sloan*, 287 F.Supp.3d at 862 ("[I]f the Court were to decline to exercise jurisdiction, [the defendant] would face piecemeal litigation and would

have to defend itself in several different courts on nearly identical issues."); *Freedom Mortg. Corp. v. Fitzpatrick*, No. 1:20-cv-05872, 2021 WL 141334, at *4 (D.N.J. Jan. 15, 2021) ("[d]uplicative litigation . . . obviously does not promote the economy of judicial resources or serve to benefit any of the parties"). Because Plaintiffs' claims arise from a common nucleus of facts and are based on the same legal theory, duplicative litigation "creates the possibility of overlapping nationwide classes, inconsistent outcomes." *Sloan*, 287 F. Supp.3d at 863 (citing Fed. R. Civ. P. 23(b)(2)). As such, judicial economy strongly weighs in favor of exercising pendent personal jurisdiction over Beanland's claim.

The convenience of the parties and fairness to litigants also strongly weigh in favor pendent personal jurisdiction. In assessing the parties' interests, "the 'primary concern' is 'the burden on the defendant.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780. FedEx fails to explain any inconvenience, burden, or unfairness that would result from litigating Beanland's claim in this District. *See* ECF Nos. 84 & 84-2. "[M]odern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." *Mendelsohn, Drucker & Assocs. v. Titan Atlas Mfg., Inc.*, 885 F.Supp.2d 767, 781–82 (E.D. Pa. 2012) (citation and internal quotation marks omitted). FedEx maintains multiple places of business throughout this District and Pennsylvania (SAC ¶ 7; ECF No. 68 ¶ 7), has already been litigating on an identical claim by Travers in this District since the inception of the lawsuit and is incorporated in Delaware. The only potential burden on FedEx is taking Beanland's deposition in Indiana (which the parties have agreed will take place at FedEx's offices in the state). But that potential burden is minimal, particularly because the alternative would be for FedEx to potentially litigate a separate lawsuit in a district court in Indiana or Delaware. Thus, the overall convenience

of and fairness to the parties are better served by the Court exercising pendent jurisdiction and allowing Beanland's claim to proceed with Travers' in a single forum.

In sum, personal jurisdiction exists over Travers' claim, his claim and Beanland's share a common nucleus of facts, and judicial economy, convenience, and fairness strongly weigh in favor of pendent personal jurisdiction. Thus, FedEx's motion should be denied.

**III.     Even If Beanland Cannot Be a Plaintiff, Beanland Should be Allowed to Be Appointed as an Additional Class Representative.**

Rule 23(d) provides the Court with broad authority to conduct and manage class actions. Rule 23(d)(1)(B)(iii) specifically contemplates that the Court may grant leave to absent class members "to intervene and present claims or defenses, or to otherwise come into the action." Fed. R. Civ. P. 23(d)(1)(B)(iii).

The Supreme Court has held that both members of a putative class and members of a certified class can "enter the litigation" without filing a complaint or formally intervening. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (upholding right of a member of a putative class to appeal denial of certification where "the unnamed class members would no longer be protected by the named class representatives"); *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (finding "nonnamed class member" of certified class had "the power to bring an appeal without first intervening"). Neither amendment of the pleadings under Rule 15 nor a motion to intervene under Rule 24 is required for an absent class member to intervene and act as a class representative. *In re Telectronics Pacing Sys, Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (holding "it is unnecessary for a class member to have filed an individual action in order to qualify as a class representative"); *Blair v. Rent-A-Ctr., Inc.*, No. 17 CV2335, 2018 WL 5728924, at *4 n.3 (N.D. Cal. Nov. 1, 2018) (joining proposed class representative and ordering pleadings deemed amended to so reflect without requiring Rule 15 or 24 motions); *see* Manual for Complex Litigation § 21.26

14

("The Court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification."); *see also Pfeifer v. Wawa, Inc.*, CV 16-497, 2018 WL 2057466, at *2 & 7 (E.D. Pa. May 1, 2018) (appointing non-plaintiff as class representative). "Courts have generally permitted the addition or substitution of class representatives when there is no showing of prejudice to defendants and such addition or substitution would advance the purposes served by class certification." *In re Arakis Energy Corp. Sec. Litig.*, No. 95-cv-3431 (ARR), 1999 WL 1021819, at *13 (E.D.N.Y. Apr. 27, 1999); *see Munoz v. PHH Corp.*, No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054, at *5 (E.D. Cal. July 29, 2013) ("Intervention of class representatives to ensure adequate class representation is highly desirable."). Indeed, "when a certified or putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even required, to protect class interests." *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MC-2543 (JMF), 2017 WL 5504531, at *1 (S.D.N.Y. Nov. 15, 2017) (citing cases and permitting addition of additional representative). Thus, in response to FedEx's suggestion that Mr. Travers is inadequate class representative, it is appropriate to allow Beanland to serve as either an additional or substituted class representative.

If Beanland is dismissed as a named plaintiff, he will be an absent class member of the putative class defined in the Complaint. *See* SAC ¶ 11. There is and will be no prejudice to FedEx in Beanland intervening to be appointed as a class representative. Thus, if the Court declines to exercise pendent jurisdiction, the Court should decide that Beanland can still request to be appointed as a class representative pursuant to Rule 23(d) at the time Plaintiff Travers moves for class certification under Rule 23.

# CONCLUSION

For the foregoing reason, Defendant's motion should be denied, but if not denied, clarified that Beanland can serve as a class representative (assuming that he or his claim otherwise meets the elements of Rule 23).


Dated: February 7, 2022

Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (Bar I.D. 320476)
THE GARNER FIRM LTD.
1617 John F. Kennedy Blvd., Suite 550
Philadelphia PA 19103
Telephone: (215) 645-5955
Facsimile: (215) 645-5960
Email: adam@garnerltd.com

R. Joseph Barton (*pro hac vice*)
Colin M. Downes (*pro hac vice*)
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockesq.com
colin@blockesq.com

Peter Romer-Friedman (*pro hac vice*)
Robert D. Friedman (*pro hac vice*)
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850
Washington, D.C. 20006
Telephone: (202) 888-1741
Email: peter@guptawessler.com

Matthew Z. Crotty (*pro hac vice*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
matt@crottyandson.com

Thomas G. Jarrard (*pro hac vice*)
LAW OFFICE OF THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Tjarrard@att.net

Michael J. Scimone *(pro hac vice)*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone (212) 245-1000
Email: mscimone@outtengolden.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February 2022, a copy of the foregoing motion was served on all counsel of record via the Court's CM/EF system.

    /s/ Adam H. Garner
    Adam Harrison Garner