**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERARD TRAVERS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 19-6106 |
| | : | |
| **FEDEX CORPORATION** | : | |

**MEMORANDUM**

**KEARNEY, J.**                                                                                                           **February 10, 2022**

An Indiana member of the Indiana Air National Guard works for FedEx Corporation in Indiana. He now seeks to sue FedEx in Pennsylvania for not paying him short-term military leave. His claims arise entirely from his Indiana employment. We lack personal jurisdiction over FedEx for his claims under either specific or general jurisdiction. The Indiana citizen argues we can assert personal jurisdiction by applying a novel theory of pendent personal jurisdiction. He argues we can exercise personal jurisdiction over his claim against FedEx because a Pennsylvanian is bringing the same claim under the Uniformed Services Employment and Reemployment Rights Act arising from the Pennsylvanian's employment by FedEx in our District. No court in our Circuit has adopted this judge-made concept as expanding Pennsylvania's ability to exercise personal jurisdiction over non-residents when Congress has not authorized nationwide service of process. We find no basis to adopt this theory. We lack personal jurisdiction over the Indiana citizen's claim. We decline to transfer his claim to another District.

**I.   Alleged facts**

Former military reservist Gerard Travers of Pennsylvania alleges his employer FedEx Corporation violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") by failing to pay him for short-term military leave while paying other leave benefits

to non-military employees while he worked in Pennsylvania.[1] Mr. Travers may seek to certify a class of military reservists whom FedEx employs in a few weeks.[2] FedEx previously moved to dismiss Mr. Travers's amended Complaint, arguing laches applied.[3] We denied FedEx's motion without prejudice recognizing potential fact issues subject to discovery and potential dispositive motions.[4]

Mr. Travers then filed a second amended Complaint with our leave.[5] Mr. Travers's counsel joined Darren Beanland of Indiana as a named plaintiff and class representative.[6] Mr. Beanland alleges FedEx employed him as an aircraft maintenance technician in Indiana since 2019.[7] Mr. Beanland is also a flight line expediter for the Indiana Air National Guard.[8] He took military leave for which FedEx did not pay him.[9] Mr. Beanland asserts the same claim under USERRA as Mr. Travers.[10]

**II.   Analysis**

FedEx moves to dismiss Mr. Beanland's claim for lack of personal jurisdiction over FedEx. FedEx argues we lack personal jurisdiction over Mr. Beanland's claim because Mr. Beanland does not allege FedEx's purposeful availment of Pennsylvania relates to Mr. Beanland's Indiana-centric claim.[11] Mr. Beanland responds we only must ensure FedEx's contacts with the United States regardless of FedEx's contacts with him in this Commonwealth.[12] He alternatively argues we should exercise pendent personal jurisdiction over his claim.[13]

We disagree with Mr. Beanland. We lack personal jurisdiction over Mr. Beanland's claim because Mr. Beanland does not plead his claims arise out of or relate to FedEx's contacts with Pennsylvania. We decline to exercise pendent personal jurisdiction over Mr. Beanland's claim. We dismiss Mr. Beanland's claim and require FedEx to answer the remaining allegations in the amended Complaint.

## A. We lack personal jurisdiction over Mr. Beanland's claim.

"Because USERRA does not provide for nationwide service of process," we "may exercise personal jurisdiction" over FedEx only if a Pennsylvania court could do so under Pennsylvania's long-arm statute.[14] "Pennsylvania's long-arm statute gives its courts jurisdiction over out-of-state defendants to the maximum extent allowed by the U.S. Constitution."[15]

The Constitution recognizes two types of personal jurisdiction: general and specific.[16] "General jurisdiction extends to all claims against a defendant and exists where a company is 'essentially at home.'"[17] Mr. Beanland does not plead FedEx—a Delaware corporation—is at home in Pennsylvania. So Mr. Beanland must show our specific jurisdiction.

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims."[18] We apply the familiar "minimum contacts" test to determine specific jurisdiction.[19] The minimum contacts test entails three steps.[20] First, we must determine whether FedEx "purposefully avail[ed] itself" of Pennsylvania.[21] Second, we must determine whether Mr. Beanland's claim "'arise[s] out of or relate[s] to' at least one of those activities."[22] Third, we should ensure asserting personal jurisdiction comports with fair play and substantial justice.[23]

The first step of our inquiry requires us to determine whether FedEx took "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within" Pennsylvania.[24] We have no difficulty determining FedEx purposefully availed itself of Pennsylvania by employing Pennsylvania residents like Mr. Travers. FedEx does not challenge this step of the inquiry.

FedEx does challenge the second step of our inquiry. The second step requires us to determine whether Mr. Beanland's claim "'arise[s] out of or relate[s] to the defendant's contacts' with" Pennsylvania.[25] "[T]here must be 'an affiliation between the forum and the underlying

3

controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"[26] Mr. Beanland must demonstrate "a strong 'relationship among the defendant, the forum, and the litigation.'"[27]

Mr. Beanland does not allege the faintest of relationships, let alone a strong relationship, between FedEx's Pennsylvania contacts and his claim. He alleges he worked for FedEx in Indiana and took military leave to serve for the Indiana Air National Guard. His claims have nothing to do with Pennsylvania. He simply alleges no connection between FedEx's Pennsylvania conduct and his claims. We lack personal jurisdiction over Mr. Beanland's claim.

Mr. Beanland argues "[b]ecause this case is in federal court, [Mr.] Beanland need only establish minimum contacts with the country as a whole."[28] Not so. We analyze a defendant's contacts with the United States as a whole "when the plaintiff's claim rests on a federal statute authorizing nationwide service of process."[29] Judges constrain this analysis to federal question cases under statutes authorizing nationwide service of process.[30] But judges analyze personal jurisdiction for federal question claims under state long-arm statutes when Congress does not authorize nationwide service of process for the federal claims.[31] Congress does not authorize nationwide service of process in USERRA.[32] Congress in USERRA did not expand our personal jurisdiction. We must analyze personal jurisdiction under Pennsylvania's long-arm statute.[33]

### B. We decline to exercise pendent personal jurisdiction over Mr. Beanland's claim.

Mr. Beanland urges us to exercise pendent personal jurisdiction over his claim.[34] He argues we should exercise pendent personal jurisdiction because his claim so resembles Mr. Travers's claim, over which we indisputably have personal jurisdiction. We decline to exercise pendent personal jurisdiction.

The pendent personal jurisdiction doctrine allows judges to exercise their discretion "to hear claims as to which personal jurisdiction may otherwise be lacking if those claims arise out of a common nucleus of facts with claims as to which personal jurisdiction exists."[35] Courts and commentators address two types of pendent personal jurisdiction: pendent claim personal jurisdiction and pendent party personal jurisdiction.[36] "Pendent *claim* personal jurisdiction says that a court's exercise of personal jurisdiction over one defendant as to one claim allows it to exercise personal jurisdiction with respect to related claims that it could not adjudicate in the anchor claim's absence."[37] "Pendent *party* personal jurisdiction recognizes that a court's exercise of personal jurisdiction over one defendant as to a particular claim by one plaintiff allows it to exercise personal jurisdiction with respect to similar claims brought by other plaintiffs."[38]

Mr. Beanland asks us to exercise pendent party personal jurisdiction over his claim.[39] But Mr. Beanland cites—and we find—no judge in our Circuit applying pendent party personal jurisdiction. Our Court of Appeals "has not recognized a pendent party doctrine beyond the limited circumstances of the nationwide service of process and pendent claim personal jurisdiction context."[40] Judges in our Circuit only exercise pendent "personal jurisdiction over additional *claims*, not necessarily over additional *parties*"[41]—in other words, pendent *claim* personal jurisdiction.[42]

The pendent party personal jurisdiction doctrine has endured heavy criticism in other circuits. Pendent party personal jurisdiction is a "judge made" doctrine supported by "no federal statute or rule."[43] The doctrine has a "dubious origin"; "[f]ederal courts embraced it without paying careful attention to their authority to do so."[44] Rejection of the doctrine appears to be the majority position.[45] Judges typically find the doctrine obviates constitutional requirements, like an

5

"affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State."[46]

We join these judges in declining to apply pendent party personal jurisdiction because well-settled constitutional principles command it. The Constitution recognizes two—not three—forms of personal jurisdiction: general and specific.[47] Named plaintiffs in a class action "must be able to demonstrate either general or specific personal jurisdiction."[48] We must "analyze jurisdictional contacts on a claim-by-claim basis."[49] We "cannot use" our personal jurisdiction over one claim to justify personal jurisdiction over other claims for which we do not possess an independent jurisdictional basis.[50] We will not vitiate these principles through a discretionary doctrine of dubious origin when no judge in our Circuit has done so and our Court of Appeals has never authorized it. We decline to exercise pendent party personal jurisdiction when neither Congress nor a court in our Circuit has recognized this theory.[51]

### C. We decline to transfer Mr. Beanland's claim to a District with personal jurisdiction.

If we find a "want of jurisdiction," Congress requires we "shall, if it is in the interest of justice, transfer" the action to a court in which the action "could have been brought."[52] Our Court of Appeals "permit[s] the transfer of all or only part of an action."[53] To determine whether transfer is in the interest of justice, "we must weigh 'the equities of dismissing a claim when it could be transferred.'"[54]

We decline to transfer Mr. Beanland's claim to a District which may enjoy personal jurisdiction for his claim against FedEx. Mr. Travers already seeks to represent a class of military reservists. Mr. Beanland may become part of the class if we certify it. It makes little sense to transfer Mr. Beanland's claim to another District so Mr. Beanland may attempt to simultaneously certify the same class as Mr. Travers. The first-filed rule might doom Mr. Beanland's separate

6

case.[55] Mr. Travers's case, meanwhile, has proceeded in our Circuit since 2019.[56] Our Court of Appeals remanded after Mr. Travers's successful appeal.[57] The case is almost finished class discovery as the class certification deadline approaches.[58] These factors strongly counsel against transferring Mr. Beanland's claim.[59] And Mr. Beanland and Mr. Travers do not seek transfer. We dismiss Mr. Beanland's claim.

### III. Conclusion

A military reservist from Indiana sues FedEx in Pennsylvania regarding his pay from his employment by FedEx in Indiana. The reservist asserts a federal claim for which Congress did not authorize nationwide service of process. The reservist does not show a connection between his claim and Pennsylvania. We do not possess personal jurisdiction over his claim. We decline to exercise pendent personal jurisdiction. We decline to transfer Mr. Beanland's claim to another District.

---

[1] ECF Doc. No. 84.

[2] *Id.* ¶¶ 11–32; *see also* ECF Doc. No. 83 (setting briefing schedule).

[3] ECF Doc. No. 56.

[4] ECF Doc. Nos. 64, 65.

[5] ECF Doc. No. 84.

[6] *Id.* at 1.

[7] *Id.* ¶ 9.

[8] *Id.*

[9] *Id.* ¶ 47.

[10] *Id.* at 15–16.

[11] ECF Doc. No. 86.

---

[12] ECF Doc. No. 87.

[13] *Id.*

[14] *Carter v. Siemens Bus. Servs., LLC*, No. 10-1000, 2010 WL 3522949, at *3 (N.D. Ill. Sept. 2, 2010).

[15] *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (citing 42 Pa. Cons. Stat. § 5322(b)).

[16] *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

[17] *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (quoting *Ford Motor Co. v. Mont. Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021)).

[18] *Ford Motor Co.*, 141 S. Ct. at 1024.

[19] *Hepp*, 14 F.4th at 207.

[20] *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

[21] *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003).

[22] *O'Connor*, 496 F.3d at 317 (3d Cir. 2007) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

[23] *Id.*

[24] *Ford Motor Co.*, 141 S. Ct. at 1024 (first alteration in original).

[25] *Id.* at 1025 (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017)).

[26] *Id.* (second alteration in original) (quoting *Bristol-Myers*, 137 S. Ct. at 1780).

[27] *Hepp*, 14 F.4th at 208 (quoting *Ford Motor Co.*, 141 S. Ct. at 1028 (itself quoting *Helicopteros*, 466 U.S. at 414)).

[28] ECF Doc. No. 87 at 5.

[29] *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002).

[30] *See, e.g.*, *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 296–97 (3d Cir. 2004) (Clayton Act); *Pinker*, 292 F.3d at 369 (Securities Act); *In re Chocolate Confectionary Antitrust*

*Litig.*, 602 F. Supp. 2d 538, 557 (M.D. Pa. 2009) (Sherman Act); *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 763 (M.D. Pa. 2005) (Employee Retirement Income Security Act).

[31] *See, e.g.*, *Hall v. L-3 Commc'ns Corp.*, 170 F. Supp. 3d 1316, 1318–19 (E.D. Wash. 2016) (analyzing personal jurisdiction over USERRA claims based on Washington's long-arm statute); *Carter*, 2010 WL 3522949, at *3 (analyzing personal jurisdiction over USERRA claim under Illinois's long-arm statute); *see also, e.g.*, *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 278 (S.D.N.Y. 2019) (personal jurisdiction for Fair Labor Standards Act (FLSA) claims require analysis of "New York law and the Due Process Clause" because FLSA "does not provide for nationwide service of process"); *Red Hill Ranch, LLC v. Old S. Carriage Co., Inc.*, 225 F. Supp. 3d 422, 425 (D.S.C. 2015) (analyzing personal jurisdiction over Lanham Act and Copyright Act claims under Fourteenth Amendment principles because, "When federal claims do not provide for nationwide service of process and defendants do not reside within the forum state, the Court must generally determine (1) whether the forum state's long-arm statute authorizes personal jurisdiction, and (2) if such authorization exists, whether the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.").

[32] *Carter*, 2010 WL 3522949, at *3; *see generally* 38 U.S.C. §§ 4301–35. Mr. Beanland does not argue Congress authorizes nationwide service of process through USERRA. We note USERRA contains a provision authorizing our "jurisdiction" when a "person" sues a "private employer." 38 U.S.C. § 4323(b)(3). We do not interpret this provision to confer our personal jurisdiction. Courts cite this provision only to support their subject matter jurisdiction. *See United States v. Ala. Dep't of Mental Health & Mental Retardation*, No. 08-1025, 2010 WL 454905, at *1 (M.D. Ala. Feb. 10, 2010); *Lisdahl v. Mayo Found. for Med. Educ. & Rsch.*, 698 F. Supp. 2d 1081, 1103 (D. Minn. 2010), *aff'd sub nom. Lisdahl v. Mayo Found.*, 633 F.3d 712 (8th Cir. 2011). Mr. Beanland also cites the provision only for our subject matter jurisdiction. *See* ECF Doc. No. 84 ¶ 6. As the provision does not authorize nationwide service of process, it does not alter our analysis.

[33] Mr. Beanland argues at length he need not comply with Rule 4(k) to establish our personal jurisdiction. *See* ECF Doc. No. 87 at 5–10. Rule 4(k) simply provides the circumstances in which personal jurisdiction becomes satisfied through "[s]erving a summons." *See* Fed. R. Civ. P. 4(k)(1). Mr. Beanland need not serve summons on FedEx with his second amended Complaint. *See* Fed. R. Civ. P. 5(a)(1)(B). We must ensure personal jurisdiction comports with the Fourteenth Amendment irrespective of whether Rule 4(k) applies. *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 2022 WL 123233, at *11 (1st Cir. 2022) ("Rule 4 is concerned with initial service, not jurisdictional limitations after service . . . In both the case of added parties and claims, the court's jurisdiction is still subject to constitutional limitations."); *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). Because Mr. Beanland does not assert claims arising under a federal statute authorizing nationwide service of process, we must ensure our exercise of personal jurisdiction comports with constitutional limitations. *See Red Hill Ranch, LLC*, 225 F. Supp. 3d at 425.

[34] ECF Doc. No. 87 at 10–16.

[35] *Miller v. Native Link Constr., LLC*, No. 15-1605, 2017 WL 3536175, at *29 (W.D. Pa. Aug. 17, 2017).

9

---

[36] *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 401 (6th Cir. 2021).

[37] *Id.* (emphasis in original).

[38] *Id.* (emphasis in original).

[39] *See* ECF Doc. No. 87 at 10 (seeking pendent personal jurisdiction over "Plaintiff Beanland's claim").

[40] *Page v. Alliant Credit Union*, No. 18-11481, 2019 WL 3084481, at *7 (D.N.J. June 17, 2019), *report and recommendation adopted in part, rejected in part on other grounds*, No. 18-11481, 2019 WL 3082604 (D.N.J. July 15, 2019); *see also Lisowski v. Henry Thayer Co., Inc.*, 501 F. Supp. 3d 316, 326 (W.D. Pa. 2020) ("The essence of [the pendent personal jurisdiction] doctrine, as recognized by counsel, is that the district court must have personal jurisdiction over at least one of ***the plaintiff's*** claims." (emphasis added)), *on reconsideration in part*, No. 19-1339, 2021 WL 1185924 (W.D. Pa. Mar. 30, 2021).

[41] *Page*, 2019 WL 3084481, at *7 (emphases added).

[42] *See Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 123 (3d Cir. 2020); *Robinson v. Penn Cent. Co.*, 484 F.2d 553, 555–56 (3d Cir. 1973); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-2687, 2019 WL 1125589, at *5 (D.N.J. Mar. 11, 2019); *Miller*, 2017 WL 3536175, at *29; *Apostolou v. Mann Bracken, LLC*, No. 07-4950, 2009 WL 1312927, at *9 (D.N.J. May 1, 2009); *Equidyne Corp. v. Does*, 279 F. Supp. 2d 481, 486 (D. Del. 2003); *FS Photo, Inc. v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 445 (D. Del. 1999); *AlliedSignal Inc. v. Blue Cross of Cal.*, 924 F. Supp. 34, 37 (D.N.J. 1996); *United States v. Famous Artists Corp.*, No. 95-5240, 1996 WL 114932, at *7 (E.D. Pa. Mar. 14, 1996); *Am. Trade Partners, L.P. v. A-1 Int'l Importing Enterprises, Ltd.*, 755 F. Supp. 1292, 1303 (E.D. Pa. 1990); *Ethanol Partners Accredited v. Wiener, Zuckerbrot, Weiss & Brecher*, 617 F. Supp. 300, 307 (E.D. Pa. 1985); *Donner v. Tams-Witmark Music Libr., Inc.*, 480 F. Supp. 1229, 1234 n.5 (E.D. Pa. 1979); *Puma v. Marriott*, 294 F. Supp. 1116, 1121 (D. Del. 1969).

[43] *Canaday*, 9 F.4th at 401–02 (quoting in part 4A Charles A. Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1069.7 (4th ed. 2021)).

[44] Louis J. Capozzi III, *Relationship Problems: Pendent Personal Jurisdiction After Bristol-Myers Squibb*, 11 Drexel L. Rev. 215, 240 (2018).

[45] *See, e.g.*, *Canaday*, 9 F.4th at 401–02 (finding the pendent party personal jurisdiction doctrine "hard to reconcile with *Bristol-Myers*" and unauthorized by federal statute or rule); *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 802 (N.D. Cal. 2020) (questioning court's power "to apply pendent jurisdiction" over nonresidents' claims unrelated to forum, and declining to apply the doctrine "given the novel application" of pendent party personal jurisdiction); *Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1229–31 (M.D. Fla. 2020) (rejecting pendent personal jurisdiction doctrine over "pendent party plaintiffs, not just pendent claims" (emphases

removed)); *Napoli-Bosse v. Gen. Motors LLC*, 453 F. Supp. 3d 536, 542 (D. Conn. 2020) (joining "the majority of district courts" to conclude nonresident plaintiffs' claims must relate to the defendant's forum contacts, thereby rejecting pendent party personal jurisdiction); *Spratley v. FCA US LLC*, 2017 WL 4023348, at *7–8 (N.D.N.Y. Sep. 12, 2017) (questioning court's "authority to exercise pendent personal jurisdiction," and rejecting application even if the authority existed); *DeMaria v. Nissan N. Am., Inc.*, 2016 WL 374145, *8 (S.D. Ill. Feb. 1, 2016) (rejecting pendent party personal jurisdiction because plaintiff's claims "remain unrelated to anything that transpired in Illinois").

[46] *Spratley*, 2017 WL 4023348, at *7 (alteration in original) (quoting *Bristol-Myers*, 137 S. Ct. at 1781 (itself quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011))).

[47] *Marten*, 499 F.3d at 296.

[48] *Story*, 461 F. Supp. 3d at 1231 (M.D. Fla. 2020) (emphasis removed).

[49] *Deemac Servs., LLC v. Republic Steel*, No. 20-1466, 2021 WL 2018716, at *2 (W.D. Pa. May 20, 2021) (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 104 (3d Cir. 2004)).

[50] *Bush v. Adams*, No. 07-4936, 2009 WL 197550, at *7 (E.D. Pa. Jan. 27, 2009) (citing *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001)), *aff'd*, 473 F. App'x 147 (3d Cir. 2012)

[51] We recognize a minority of judges in the Ninth Circuit applied the pendent party personal jurisdiction doctrine. *See Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 859–62 (N.D. Cal. 2018), *order clarified*, No. 16-7244, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018), and *on reconsideration*, 438 F. Supp. 3d 1017 (N.D. Cal. 2020); *Allen v. ConAgra Foods, Inc.*, No. 13-01279, 2018 WL 6460451, at *8 (N.D. Cal. Dec. 10, 2018), *on reconsideration*, No. 13-01279, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019). We join the reasoning of Chief Judge Corrigan from the Middle District of Florida in finding these cases unpersuasive. *See Story*, 461 F. Supp. 3d at 1230–31. Just as Chief Judge Corrigan could not find Eleventh Circuit authority permitting the doctrine, we find no authority in our Circuit permitting it. *Id.* at 1230. And as Chief Judge Corrigan found, we must establish general or specific jurisdiction over each named plaintiff in a class action. *Id.* at 1231. Because we find no basis for specific jurisdiction of Mr. Beanland's claim under well-settled jurisdictional principles, we need not reach the complex issue Judge Chen addressed in *Sloan* of whether the Supreme Court's *Bristol-Myers* reasoning applies to federal question cases. *See Sloan*, 287 F. Supp. 3d at 858–59 (finding *Bristol-Myers* does not apply to federal courts sitting in federal question jurisdiction because federal question cases do not involve the same "interstate sovereignty concerns that animated *Bristol-Myers*").

[52] 28 U.S.C. § 1631.

[53] *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009).

[54] *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)).

---

[55] *See Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 838 (W.D. Pa. 2006) (the first-filed rule "is applicable where the parties have instituted competing or parallel litigation in separate federal courts").

[56] *See* ECF Doc. No. 1.

[57] ECF Doc. No. 57.

[58] *See* ECF Doc. No. 83 at 1 (phase one discovery ends on February 14, 2022; motions for summary judgment regarding class certification due on March 1, 2022).

[59] *See, e.g.*, *Int'l Constr. Prod. LLC v. Caterpillar Inc.*, No. 15-108, 2020 WL 4589775, at *5 (D. Del. Aug. 10, 2020) (partial transfer of parties would not serve interest of justice where court had "invested considerable time and resources into managing" the case).