IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD TRAVERS, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION,<br><br>         Defendant | Civil Action No. 2:19-cv-06106-MAK<br><br>**PLAINTIFFS' MOTION TO EXTEND TIME TO COMPLETE PHASE I DISCOVERY SOLELY WITH RESPECT TO NON-PARTY UNITED STATES DEPARTMENT OF DEFENSE** |

## MOTION

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Section III.A of the Court's Policies and Procedures, Plaintiff respectfully moves this Court to extend the time to file any motion to compel non-party the United States Department of Defense to produce documents in response to Plaintiff's subpoena until February 28, 2022.

## BACKGROUND

The Court bifurcated discovery in this case into two phases: Phase I consists of discovery to prepare motions and responses for class certification and for summary judgment on Plaintiff's claim; Phase II is discovery to prepare for trial of the claims of the proposed Class. ECF No. 66 at 1. The deadline for Phase I discovery is February 14, 2022. ECF No. 83 at 1.

On December 21, 2022, Plaintiff moved this Court for a subpoena to the United States Department of Defense (as required by statute, see 5 U.S.C. § 552a(b)(11)) requesting that the Department produce records of Plaintiff's dates of military service and military pay. ECF No. 74. The Court found good cause to issue such a subpoena, granted the motion, ECF No. 74, and on January 7, 2022, the clerk of court issued a subpoena to Plaintiff's counsel for service on the

1

Department. Downes Decl. ¶ 2. Plaintiff's counsel tendered the subpoena to a process server that same day and perfected service on the Department on January 10, 2022. Downes Decl. Ex. A. To date, the Department has not produced documents responsive to the subpoena or served objections to the subpoena on Plaintiff. Downes Decl. ¶ 4.

Plaintiff's counsel contacted Jason B. Snyder, Associate General Counsel for Defense Human Resources Activity at the Department of Defense, by telephone on February 11, 2022. Plaintiff's counsel sought to determine the status of production and meet and confer regarding a potential motion to compel. *Id*. ¶ 5. Mr. Snyder explained that he was not the attorney assigned to this matter but stated both that he would raise the issue with his colleagues and that he expected the Department would be able to produce documents responsive to this subpoena within a week, i.e., by February 18, 2022. *Id*. ¶ 6.

## ARGUMENT

When an act may be done within a specified time, the Court may extend the time for good cause upon a timely motion. Fed. R. Civ. P. 6(b)(1)(A). "Good cause is understood to mean a legally sufficient reason, and it reflects the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused." *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 & n.6 (3d Cir. 2011) (internal quotation marks and citations omitted). "Courts have described Rule 6(b)(l)(A)'s "good cause" standard as non-rigorous and have noted that a request for an extension of time pursuant to the Rule should normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Davis v. Ace Hardware Corp.*, No. CV 12-1185-SLR-CJB, 2014 WL 2990329, at *2 (D. Del. July 2, 2014) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)) (internal quotation marks removed).

Here, Plaintiff seeks a limited extension of the Phase I discovery period solely with respect to the time to file any motion to compel the Department of Defense to produce documents in response to the Court's subpoena. Plaintiff is not acting in bad faith, but rather has attempted in good faith to identify the counsel representing non-party the United States Department of Defense with responsibility for this matter, negotiate compliance with the Court's subpoena, and obviate the need for discovery motion practice. And there will be no prejudice either to Defendant or the Department by a short extension of the time for filing any motion to compel in the event that the Department does not meet the production timeline estimated by its counsel. The scope of the extension is narrow, its duration is modest, and Plaintiff will promptly produce the records produced by the Department of Defense to Defendant.

**CONCLUSION**

The Department of Defense, a non-party to this action, has represented that it needs only a short period of additional time to produce documents responsive to the subpoena issued by the Court—likely obviating any discovery dispute over the subpoena. Plaintiff seeks a short extension of the discovery deadline solely as to filing any motion to compel in order to preserve his rights as against the Department and ensure compliance with the subpoena. For the foregoing reasons, Plaintiff's motion should be granted.

Dated: February 14, 2022

Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (Bar I.D. 320476)
THE GARNER FIRM LTD.
1617 John F. Kennedy Blvd., Suite 550
Philadelphia PA 19103
Telephone: (215) 645-5955
Facsimile: (215) 645-5960
Email: adam@garnerltd.com

R. Joseph Barton (*pro hac vice*)
Colin M. Downes (*pro hac vice*)
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockesq.com
colin@blockesq.com

Peter Romer-Friedman (*pro hac vice*)
Robert D. Friedman (*pro hac vice*)
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850
Washington, D.C. 20006
Telephone: (202) 888-1741
Email: peter@guptawessler.com

Matthew Z. Crotty (*pro hac vice*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
matt@crottyandson.com

Thomas G. Jarrard (*pro hac vice*)
LAW OFFICE OF THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Tjarrard@att.net

Michael J. Scimone *(pro hac vice)*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone (212) 245-1000
Email: mscimone@outtengolden.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2022, a copy of the foregoing Motion was served on all counsel of record via the Court's CM/EF system.

        /s/ Adam H. Garner
        Adam Harrison Garner